## PETTY *v.* WESTERN UNION TELEGRAPH COMPANY.

1. The court erred in granting a nonsuit in this case.
2. Even if the condition printed upon a telegraphic blank, stating that a telegraph company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission, be valid and binding, still if the suit for the recovery of the penalty provided for in sections 2812 and 2813 of the Civil Code is brought within sixty days after the message is filed with the company for transmission, no other or further presentation of the claim is necessary.

JUNE 13, 1912.

Action for penalty. Before Judge Felton. Bibb superior court. April 18, 1911.

*H. F. Strohecker,* for plaintiff.

*Guerry, Hall & Roberts,* for defendant.

BECK, J. Mrs. A. M. Petty brought suit against the Western Union Telegraph Company, under the provisions of §§ 2812 and 2813 of the Civil Code, to recover the penalty of $25. The evidence introduced on the trial was as follows: The plaintiff is the wife of A. M. Petty. On March 8, 1910, she resided at No. 122 Washington Avenue, within the corporate limits of Macon, Ga. On that date she was at home all day, and received no telegraphic message from A. M. Petty; she received no message by telegraph from her husband while he was absent about that time, and none has been delivered to her since as coming from him. On March 8, 1910, he was at Conyers, Ga. He went into the Western Union Telegraph Company's office there about ten o'clock in the morning, wrote out a message to his wife at Macon, Ga., and gave it to the telegraph agent to send to her. He paid the agent thirty cents, the amount charged by him, and asked him to hurry the message. When he returned home he called up the Macon office of the defendant on telephone, and asked about the message. (The court ruled out any conversation he had with the office by telephone.) He did not go to the office personally after he came home. He

had frequently been in this office. He has never brought any suit for the penalty. The telegraphic message, produced under notice, was written upon a printed form. The front thereof reads thus:

The Western Union Telegraph Company.

4 Co JN            AM P 11 10                 11 Paid

Mch. 8th, 1910.

Send the following message, subject to the terms on back thereof, which are hereby agreed to:

To Mrs. A. M. Petty, 122 Washington Avenue, Macon, Ga.

Delayed on business. Will hear from me later. Advise Johnson Bros.

Original.                                    A. M. Petty.

On the back, among many others, was the following stipulation: "This company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

The defendant moved for a nonsuit upon the following grounds: (a) There was no proof that defendant had an office in the City of Macon at the time the message was sent. (b) There was no proof that the plaintiff lived within one mile of the office of defendant. (c) No written demand was filed with the company within sixty days after the message was filed with the company for transmission.

The court sustained the motion, and the plaintiff excepted.

We are of the opinion that the court erred in granting a nonsuit. Section 2812 of the Civil Code provides as follows: "Every electric telegraph company, with a line of wires wholly or partly in this State, and engaged in telegraphing for the public, shall, during the usual hours, receive dispatches or messages, whether from other telegraphic lines or from individuals, and, on payment or tender of the usual charge according to the regulations of such company, shall transmit and deliver the same with impartiality and good faith and with due diligence, under penalty of twenty-five dollars, which penalty may be recovered by suit in a court having jurisdiction thereof, by either the sender of the dispatch or message or the person to whom sent or directed, whichever may sue first." And section 2813 is in the following language: "Such companies shall deliver all dispatches or messages to the persons to

whom the same are addressed or to their agents, on payment of any charges due for the same: Provided, such persons or agents reside within one mile of the telegraphic station, or within the city or town in which such station is located."

Although it is not expressly stated in the evidence that the telegraphic station of the defendant company was located in the City of Macon at the time the message was sent, the jury might have inferred from the fact that the agent of the defendant company at Conyers, Ga., the point from which the message was sent, received a message directed to Macon, Ga., that the station was then located within that city. Under the provisions of the statute which we have quoted, it was the duty of the company to deliver the message with due diligence, under a penalty of $25; and in case of failure to so deliver the message, where the person to whom the same is sent resides in the city in which the telegraphic station is located, the company becomes liable in the amount of the penalty.

Even if the condition printed upon a telegraphic blank, stating that the company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission, be valid and binding, we do not think that the failure of the plaintiff to present a claim in writing within sixty days after the message was filed with the company's agent for transmission will defeat the action in this case. The suit to recover the penalty was brought and served within sixty days, and we think this was sufficient demand upon the company for the payment of the penalty.

*Judgment reversed. All the Justices concur.*