COLLUM *v.* GEORGIA RAILWAY AND ELECTRIC COMPANY.

HILL, J. 1. On the trial of an action against a street-railway company for personal injuries, the court instructed the jury to the effect that if they believed from the evidence that the plaintiff's own negligence was the proximate, producing cause of his injuries, he could not recover; and further that if the plaintiff was injured by his own negligence, he could not recover, and that "The law imposes on the plaintiff the duty of exercising ordinary care to protect himself, and ordinary care, as applied to him, means just that care that every prudent man would have exercised under the same or similar circumstances, and a failure to exercise such care on his part would constitute negligence." These instructions were alleged to be erroneous, because they "laid down the unqualified rule that if the plaintiff was injured by his own negligence he could not recover, and required the plaintiff, in general,

unqualified terms, to exercise ordinary care; whereas, as movant contends, the true rule is, that even the failure to exercise ordinary care would not entirely defeat the plaintiff's right to recover, unless such failure occurred after the defendant's negligence was apparent to the plaintiff, or should have been reasonably apprehended." The exceptions to the instructions were not meritorious. The Civil Code, § 2781, declares that "No person shall recover damage from a railroad company for injury to himself or his property, where the same is done by his consent, or. is caused by his own negligence." If the plaintiff's injuries were caused by his own negligence he can not recover, whether his negligence was prior or subsequent to negligence of the defendant company.

2. Another instruction excepted to was to the effect that if the plaintiff could by the exercise of ordinary care have avoided the consequences to himself of the defendant's negligence, if the defendant was negligent, there could be no recovery. This instruction was in effect the language of the Civil Code, § 4426, and was not erroneous "in not limiting the plaintiff's negligence which would be a complete bar to a recovery to that which occurred after the defendant's negligence became apparent to the plaintiff, or should have been reasonably apprehended by him."

3. Exception was also taken to the following instruction: "The law declares that the precise thing that every man is bound to do before stepping upon a railroad (and that applies to street railroads as well as other railroads) is that which every prudent man would do under like circumstances; and if you believe that every prudent man would look and listen, so must every one else, or take the consequences so far as the consequences may have been avoided by that means." This instruction was substantially in the language used in *Metropolitan Street Railroad Co.* v. *Johnson*, 90 *Ga.* 500 (5), 504 (16 S. E. 49), and was not subject to the criticism that it "measured the duty of the plaintiff to stop and listen by what was required of 'every prudent man,' without specifying the degree of prudence required; whereas all the law requires  .  .  is the exercise of ordinary care or prudence."

4. The court in the charge to the jury fully and accurately stated the contentions of the plaintiff as set out in the petition.

5. A further instruction was to the effect that if the plaintiff and the defendant company were both negligent, the plaintiff could recover if his negligence was not equal to or did not exceed the negligence of the defendant, and if he could not by the exercise of ordinary care have avoided the consequences to himself of the defendant's negligence, but that in such case the damages should be diminished in proportion to the amount of negligence attributable to the plaintiff. This instruction was not subject to the exception taken, which is similar to that dealt with in the first headnote.

6. After stating to the jury the language of the Civil Code, § 5732, for determining the credibility of witnesses, the following charge was given: "You should reconcile all the testimony of all the witnesses, so as to impute perjury to no one, where it can be done. If, however, there is testimony so irreconcilable that you can not do this, it is your duty to give the greater weight—the most credit—to that witness or those witnesses whose testimony seems to you to be the most reasonable and credible." This instruction was not erroneous because, as was contended,

"the true rule is that in cases of irreconcilable conflict the question of reasonableness and credibility is not the only criterion, but there are other elements that ought to be taken into consideration by the jury, such as interest, opportunity, manner of testifying, and others; whereas the court restricted them to one way alone of solving the question of credibility in cases of conflict." The charge of the code section above cited covered all the circumstances to be considered in judging the credibility of witnesses.

7. There was no contention that the verdict was not authorized by the evidence.          *Judgment affirmed. All the Justices concur.*
                              SEPTEMBER 23, 1913.

Action for damages. Before Judge Bell. Fulton superior court. March 2, 1913.

The plaintiff, a man about sixty years old, was struck by a street-car at midday of October 11, 1908. He alleged, as his cause of action, the following: He came into Atlanta from the country, and stopped on Houston street (on which were double railway tracks of the defendant) about midway of the block between two cross-streets, and, leaving his wagon on the south side of the street, went across and into a store on the north side. Returning, as he was crossing the street and going to his wagon, a car came from the east on the northern track, running up grade. He stood by the track and waited for it to pass him, and then proceeded to cross the tracks quickly; but before he was half way across the southern track a car came rapidly down grade from the west. He endeavored quickly to turn and get off the track, and did his best to escape; but the car knocked him to the pavement with such violence as to cause serious injury. His attention had been attracted by the car that passed between him and the car that struck him; he did not see the latter car until he was on the track ahead of it; and the motorman of it did not ring his gong or give any signal before this, so as to attract his attention, and not until the car was too near for him to get out of the way. He was in the exercise of reasonable care and diligence. The defendant was negligent in that: (a) The car was run at a greater speed than was safe to be used on that part of Houston street and in passing a car going the other way, when it should have been run slowly and kept under complete control of the motorman. (b) It was run at a speed more than fifteen miles per hour (the limit allowed by the ordinance of the city); and because of this the motorman could not stop it before it struck the plaintiff. (c) The motorman failed to reduce speed and to constantly ring the gong and keep a sharp lookout for per-

sons crossing the street (which was thickly inhabited at this point, and persons were constantly going across it), especially when two cars were passing in opposite directions. The verdict was for the defendant, and the plaintiff moved for a new trial on the grounds stated in the headnotes. It was refused, and he excepted.

*W. R. Hammond,* for plaintiff, cited: *W. & A. R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 54, 54 L. R. A. 802); *Central R. Co.* v. *Attaway,* 90 *Ga.* 656 (16 S. E. 956); *Wadley* v. *Dooly,* 138 *Ga.* 275 (75 S. E. 152); *Macon &c. R. Co.* v. *Holmes,* 103 *Ga.* 655 (30 S. E. 563); *Comer* v. *Barfield,* 102 *Ga.* 485 (31 S. E. 89); *Thomas* v. *Gainesville &c. R. Co.,* 124 *Ga.* 748 (52 S. E. 801); *Atlanta &c. R. Co.* v. *Gardner,* 122 *Ga.* 82 (49 S. E. 818); *Central R.* v. *Harris,* 76 *Ga.* 601; *Strickland* v. *State,* 98 *Ga.* 84 (25 S. E. 908); *Chattanooga &c. R. Co.* v. *Voils,* 113 *Ga.* 361 (38 S. E. 819); *Atlanta Ry. &c. Co.* v. *Gaston,* 118 *Ga.* 418 (45 S. E. 508); *Banks* v. *State,* 89 *Ga.* 75 (14 S. E. 927); *Louisville &c. R. Co.* v. *Rogers,* 136 *Ga.* 674 (71 S. E. 1102); *Amis* v. *Cameron,* 55 *Ga.* 450 (3).

*Colquitt & Conyers,* for defendant, cited: *Metropolitan R. Co.* v. *Johnson,* 90 *Ga.* 501 (16 S. E. 49); *Wrightsville &c. R. Co.* v. *Gornto,* 129 *Ga.* 204, 211 (58 S. E. 769); *Price* v. *State,* 114 *Ga.* 859 (40 S. E. 1015); *Southern Mutual Ins. Co.* v. *Hudson,* 113 *Ga.* 434 (38 S. E. 964); *McGee* v. *Young,* 132 *Ga.* 606 (64 S. E. 689).