## 11974.  JACKSON v. MERRITT HARDWARE COMPANY.

1. Where, in a suit for damages, the plaintiff alleged and proved serious personal injuries, resulting in severe physical pain and suffering, and also items of damage to personal property then and there carried upon her person, and where the injuries to her person were undisputed except as to their degree and severity, the failure of the judge to give in charge any rule governing the measure of such property damage, even if erroneous in the absence of a timely written request, could not be accounted as prejudicial to the plaintiff, since the jury by its verdict for the defendant must necessarily have found that the defendant, by reason of its freedom from negligence or because of the plaintiff's contributory negligence, was not liable at all.  McBride v. Ga. Ry. & El. Co., 125 Ga. 515 (54 S. E. 674); Binder v. Ga. Ry. & El. Co., 13 Ga. App. 381(2), 384 (79 S. E. 216); Livsey v. Ga. Ry. & El. Co., 19 Ga. App. 687(3), 690 (91 S. E. 1074); Edwards v. Block, 73 Ga. 450(3). Especially would this be true where, as in the instant case, the damage and the amount of damage to the property are uncontroverted. Tallulah Falls Ry. Co. v. Stribling, 20 Ga. App. 353, 354 (4), 360 (93 S. E. 161).

2. The plaintiff being a married woman living with her husband, the instruction to the jury that they might consider the impairment of her ability to labor and pursue her usual avocations only as an element of pain and suffering in fixing the amount of damages in the event the defendant should be held liable, and the instruction as to the measure of such damages, were in accordance with the law and not subject to the construction that the awarding of damages to plaintiff was thus left altogether optional with the jury notwithstanding they might find the defendant negligent and the plaintiff free from negligence. Southern Ry. Co. v. Hutcheson, 136 Ga. 591 (71 S. E. 802); Wrightsville & Tennille R. Co. v. Vaughan, 9 Ga. App. 371 (3 b) (71 S. E. 691); Southern Ry. Co. v. Gresham, 114 Ga. 183(3) (39 S. E. 883); Mayor & Council of Americus v. Gammage, 15 Ga. App. 805(3) (84 S. E. 144).

3. (a) Under the defendant's pleading and proof, tending to show that plaintiff's injuries were occasioned by an accident or by her own fault, the charge on the law of contributory negligence was not subject to exception as creating an impression upon the jury that the burden was on the plaintiff to show that she could not have avoided the consequences of defendant's alleged negligence, but correctly stated the rule substantially in the language of the statute. Civil Code (1910), § 4426; Atlanta &c. Ry. Co. v. Gardner, 122 Ga. 82(7, 9) (49 S. E. 818); Glaze v. Josephine Mills, 119 Ga. 261 (46 S. E. 99); Atlantic Coast Line R. Co. v. Canty, 12 Ga. App. 411(3) (77 S. E. 659).

(b) While, in a suit in tort, other than a suit by a servant against a master, "the burden does not rest on the plaintiff, as part of his case, to show his freedom from negligence, but contributory negligence is matter of defense" (Western & Atlantic R. Co. v. Casteel, 138 Ga. 579 (2), 75 S. E. 609; City Council of Augusta v. Hudson, 88 Ga. 599(3), 15 S. E. 678), it was not incumbent on the court, in the absence

of a timely and appropriate written request, to charge that the burden of proving such contributory negligence rested upon the defendant; since contributory negligence by the plaintiff may appear as well from evidence of the plaintiff as that of the defendant, and since it is only when the defendant's negligence has been made to appear by proof that the burden shifts to the defendant to show plaintiff's negligence, if it relies upon this defense. As to such a shifting of the burden of proof, the court is not required to charge without a written request. *Williams* v. *Southern Ry. Co.,* 126 *Ga.* 710, 711 (55 S. E. 948); *Lazenby* v. *Citizens Bank,* 20 *Ga. App.* 53, 55, 56 (92 S. E. 391); *Byrd* v. *Byrd,* 22 *Ga. App.* 354(2), 356 (96 S. E. 10).

4. While the charge that "if it also appears the plaintiff in the case could have avoided the injury which resulted from the negligence of the defendant, then the plaintiff is not entitled to recover," would, if standing alone, be erroneous, the correct rule as to the degree of diligence required of the plaintiff was stated not only in the preceding sentence, but in the same sentence by the qualifying words, "because the law requires the plaintiff herself to exercise ordinary care for her own protection to protect herself from danger," and was further three times reiterated in the sentences immediately following. The excerpt complained of cannot, therefore, be held misleading or confusing to the jury. *Betts Co.* v. *Hancock,* 139 *Ga.* 198(4) (77 S. E. 77); *Eagle & Phœnix Mills* v. *Moncrief,* 17 *Ga. App.* 10(1 *a*), 26, 27 (86 S. E. 260).

DECIDED MAY 2, 1921.

Action for damages; from Bibb superior court — Judge Mathews. October 6, 1920.

*John R. L. Smith, Grady C. Harris,* for plaintiff.

*Brock, Sparks & Russell,* for defendant.

JENKINS, P. J. In her action for injuries resulting from having been run over by the defendant's truck, the plaintiff claimed damages for pain and suffering, and also damages for the destruction of her watch, clothing, and other articles upon her person at the time she was injured. The damage to her property, as well as the amount of such damage, was undisputed. Her evidence as to severe personal injuries from deep wounds, and as to great suffering, was also uncontroverted by the defendant, except as to degree. The defendant's surgical witness swore that while the wounds were slight in the sense of not being permanent or disabling, they were none the less "painful," and required several weeks of treatment. The defendant, by its answer and proof, contended that it was not negligent, and that the plaintiff had been injured either by an accident or by her own fault. The jury found for the defendant.

In this court the plaintiff abandoned the general grounds of her motion for a new trial, and relied solely upon her exceptions to the charge of the court. The instruction on the subject of damages was as follows: " The plaintiff is not entitled to recover for loss of time or loss of salary, but she is entitled to recover, if at all, for pain and suffering that she is supposed to have endured by reason of the injuries, by reason of the impact of this car upon her, and you would determine, from the evidence in the case, as to the amount of recovery. A recovery is supposed to be in the nature of a compensation to her for pain and suffering she has undergone and that it is shown she will have to undergo. You look to the evidence as to that, under the rule that there is no guide or measure of compensation for damages of this sort except the conscience of an impartial juror to do what is right between the parties, without bias or prejudice one way or the other. I charge you that under the law you may consider, as coming under the head of pain and suffering, any permanent impairment of ability of the plaintiff to labor, and to pursue her usual avocations. You would not consider that to determine how much money she would lose by it, but merely as being an element of mental pain and suffering. However, that is a matter for the jury to determine under all the facts in the case as to what would compensate the plaintiff for what pain and suffering the evidence shows she has suffered or will suffer." The instructions on the law of contributory negligence were as follows: " But I charge you, if, upon considering the evidence in this case, you come to the conclusion the defendant and the defendant's servant was wanting in the exercise of ordinary care and diligence, in other words, was guilty of negligence, and that negligence caused the injury, the injury complained of by the plaintiff in this case, then I charge you you would consider whether or not the plaintiff, in the exercise of ordinary care and diligence, could herself have avoided the result of the negligence of the defendant or the defendant's agent in charge of the automobile. I charge you, if the defendant is shown to be negligent, yet, if it also appears the plaintiff in the case could have avoided the injury which resulted from the negligence of the defendant, then the plaintiff is not entitled to recover, because the law requires the plaintiff herself to exercise ordinary care for her own protection to protect herself from danger. If the negli-

gence of the defendant was existing at the time the plaintiff was hurt, and yet, if she in the exercise of that degree of care and caution an ordinary prudent person would exercise under similar circumstances could have avoided the defendant's negligence, and, when discovered, could by a like degree of care have avoided the same, then she cannot recover. But if you believe in the case that it is shown that the defendant, or the defendant's agent in charge of the automobile, was wanting in the exercise of ordinary care and diligence, and that, as a result of that negligence on the part of the defendant, the plaintiff was hurt, and if you further believe, from the evidence, that the plaintiff was in the exercise of ordinary care and diligence, and could not by the exercise of ordinary care and diligence have discovered and prevented the injury to herself, then I charge you she would be entitled to recover."

It is not necessary to add anything further to what is ruled in the headnotes.

*Judgment affirmed. Stephens and Hill, JJ., concur.*