## 13975.  COCHRAN v. ANDERSON.

1. "'Allegations in the petition for certiorari, not verified by the answer, are not to be taken as admitted, and present nothing for determination, either by the superior or the appellate court. *Landrum* v. *Moss*, 1 *Ga. App.* 216 (57 S. E. 96) ; *Little* v. *Fort Valley*, 123 *Ga.* 503 (51 S. E. 501) ; *Brown* v. *Gainesville*, 125 *Ga.* 238 (53 S. E. 1001).' *Thompson* v. *Becham*, 2 *Ga. App.* 84 (2) (58 S. E. 311). 'They are not so verified when the answer is either silent in reference thereto, or expressly denies' them. *Taft. Co.* v. *Smith*, 112 *Ga.* 196 (1) (37 S. E. 424) ; *Colbert* v. *State*, 118 *Ga.* 238 (45 S. E. 403) ; *New Zealand Insurance Co.* v. *Brewer*, 29 *Ga. App.* 773 (116 S. E. 922).

2. "Since the presumptions are always in favor of the verdict and judgment, and the burden is upon him who alleges error to show it, uncertainties or ambiguities in the answer to the writ of certiorari as made by the trial judge must be construed, if it can be reasonably done, so as to sustain rather than to destroy the verdict and judgment." *New Zealand Insurance Co.* v. *Brewer*, supra.

3. Where, under the pleadings and the evidence, the plaintiff should have recovered the full sum sued for or nothing whatever, according to the view which the jury entertained of the evidence introduced by the respective parties, and where the jury returned a general verdict for the defendant, an instruction that if they should find for the plaintiff they might "bring in a verdict" in his favor "in any amount not to exceed the amount sued for with interest," if erroneous, affords no reason for setting aside the verdict. The jury having adopted and believed the contentions of the defendant altogether, any error in the excerpt complained of was harmless.

4. This was an action in the county court of Putnam county. After a verdict in favor of the defendant, the plaintiff carried the case by certiorari to the superior court, and error is assigned upon the judgment of the superior court overruling the certiorari. No error.

DECIDED JUNE 25, 1923.

Certiorari; from Putnam superior court — Judge Park. September 20, 1922.

*R. C. Jenkins,* for plaintiff.

*J. B. Duke,* for defendant.

BELL, J.  Cochran sued Anderson in the county court of Putnam county, alleging that he rented certain lands from the defendant for the year 1920 at a stipulated rental; that in April of that year the defendant agreed to pay to the plaintiff the accounts of two laborers who were working for the plaintiff on the lands in question, in consideration that the plaintiff would release them from their accounts and from further obligation to work for him under the labor contracts; that the plaintiff, as a part of the agreement, was to surrender back the land which he had rented, and be

absolved from liability for rent. The jury returned a verdict in favor of the defendant, and the plaintiff carried the case to the superior court by certiorari; to the overruling of which the plaintiff excepted.

Error is assigned in the petition for certiorari upon the following charge: "The only issue to be decided in this case is, did Anderson agree to pay to Cochran the amount of money that the negroes, Farley and Reid, were due to Cochran?" The assignment complains "that this was error for the reason that the plaintiff not only contended that Anderson agreed to pay to him the amount of money that Farley and Reid were due him, but that petitioner contended that Anderson also agreed to release him from his rent contract to the land set out in the petition, and agreed to release him from the payment of the six bales of cotton rent of said place." A further charge, "I especially charge you, that you are not concerned as to whether Anderson released Cochran from his rent contract as to the land," was excepted to upon the ground that "this was one of the vital points in the case, and that petitioner contended that Anderson agreed to take back the land and work it himself, and to release petitioner from his rent contract, and from all payments of rent on said land." The answer to the certiorari, so far as applicable to these assignments, was as follows: "I am of course unable to remember verbatim my charge to the jury, but.I do remember that I made it clear to the jury that the gist of the contentions between plaintiff and defendant was that the plaintiff claimed that defendant assumed the indebtedness of these croppers, and agreed to pay the same, whereas defendant denied this and contended that he merely proceeded to furnish these croppers for the rest of the year, under his agreement with plaintiff that same should be charged to the plaintiff. The issue of whether or not Cochran was indebted to Anderson for rent, — that is, whether or not Anderson had released Cochran from any alleged rent, — was not in the case tried at bar, under the amendment offered and allowed by defendant, identified in the record as Exhibit G. Under this, defendant did not ask any judgment whatever for any amount against plaintiff, did not seek any recoupment, but merely defended the main suit, which was for the amounts of money plaintiff contended he advanced to the croppers."

Although it is stated that the court did make it " clear to the jury that the gist of the contentions between plaintiff and defendant was that the plaintiff claimed that defendant assumed the indebtedness of these croppers and agreed to pay the same," we do not think this is a sufficient verification that the charge was given even substantially as contended by the petitioner in certiorari. The court appears to have been correct in thus stating what was the " gist " of the action, whether there were other collateral issues or not. If we should think that the charge set out in the petition for certiorari was erroneous, we would not feel authorized to reverse the judgment because of it, unless there was a positive verification of its having been given substantially as alleged. Under the principles announced in the first and second headnotes, we cannot consider the assignments of error upon the charges above referred to.

Under the plaintiff's theory he should have recovered the full amount sued for. Under the defendant's theory he should not have recovered anything at all. The jury returned a verdict in favor of the defendant. It is therefore clear that the jury believed the defendant's evidence and not the plaintiff's.

Error is assigned upon the following charge: " You can render one of two verdicts in the case. If you decide in favor of the plaintiff, your verdict would be for whatever amount you found in his favor, and you would have a right to find any amount you saw fit up to $191.24 principal." The answer verifies this assignment of error sufficiently for it to be considered, but we think the finding of the jury shows clearly that the plaintiff was not harmed by the instruction, because the jury did not accept the plaintiff's theory of the case in any degree whatever. If they had found for the plaintiff in some amount less than that sum, then harm might have been shown by the charge, but in the nature of the verdict the error was without prejudice.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*