### 16709. HOWARD v. GEORGIA RAILWAY & POWER COMPANY.

BELL, J. 1. In this action to recover for injuries alleged to have been sustained by the plaintiff as a result of the defendant's negligence when the plaintiff was riding in an automobile belonging to and driven by her husband, even though, under the evidence, the negligence, if any, on the part of the husband may not have been imputable to the wife, the latter was under a duty not to be negligent herself, and to exercise proper care for her own safety, and, under the evidence as adduced, it was for the jury to determine whether she should have been on the lookout for the street-car (with which the automobile collided) or should have warned the driver, or what, if anything, she, as a reasonably prudent person, should have done under the circumstances. *Sarman* v. *Seaboard Air Line Ry. Co.*, 33 *Ga. App.* 315 (1) (125 S. E. 891).

2. Assuming that the court committed error, in view of the evidence, in submitting to the jury the question of whether the neglect of the driver should be imputed to the plaintiff, and also in confusing the doctrine of imputable negligence with the rule of law requiring ordinary care of the plaintiff, since the excerpt from the court's charge complained of on these grounds permitted the jury to impute the driver's negligence to the plaintiff only in the event that they found that the plaintiff by the exercise of ordinary care could have avoided the consequences to herself of the defendant's negligence, and since it is true that the plaintiff was not entitled to recover at all if she could by ordinary care have avoided the consequences of the defendant's negligence and failed to do so, such errors in the charge, if existing, were harmless to the plaintiff.

---

Appeal and Error, 4 C. J. p. 1052, n. 8.

Negligence, 29 Cyc. p. 653, n. 20 New.

Street Railroads, 36 Cyc. p. 1529, n. 10; p. 1626, n. 44; p. 1633, n. 87; p. 1635, n. 92; p. 1645, n. 36; p. 1648, n. 57.

Trial, 38 Cyc. p. 1617, n. 27; p. 1693, n. 55; p. 1696, n. 64.

18

*Collum* v. *Georgia Ry. & Electric Co.,* 140 *Ga.* 573 (2) (79 S. E. 475); *Atlanta &c. R. Co.* v. *Gardner,* 122 *Ga.* 82 (7) (49 S. E. 818).

3. Assuming also that the court erred, under the pleadings and evidence, in submitting the defense of unavoidable accident, since the charge upon this subject was such as to allow a consideration of such defense only upon condition that the jury found that the defendant was not negligent, and since the absence of any negligence by the defendant would have constituted a complete defense, the charge upon the subject of unavoidable accident was likewise harmless. "A charge that if the injury resulted from an accident, and neither party was at fault, there can be no recovery, is in the nature of an elaboration or additional statement of the proposition that the defendant is not liable if it is without fault." *Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 559 (4), 563 (64 S. E. 680).

4. In the absence of request, the court did not err in failing to charge the jury that the negligence of the plaintiff's husband, the driver, could not, under the evidence, be imputed to the plaintiff, this being a collateral matter. *Branch* v. *Bishop,* 135 *Ga.* 110 (2) (68 S. E. 1021).

5. The charge that if the plaintiff could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence, if the defendant was negligent (substantially the language of the Civil Code of 1910, § 4426), was not erroneous as impressing the jury that the plaintiff was under a duty "to avoid the consequences of the defendant's negligence, though such negligence was not known or apparent to her, or was reasonably to be apprehended by her, and that if she didn't avoid it she could not recover." See, in this connection, *Collum* v. *Georgia Ry. & El. Co.,* 140 *Ga.* 573 (2) (79 S. E. 475); *Atlanta &c. R. Co.* v. *Gardner,* 122 *Ga.* 82 (7) (49 S. E. 818); *Southern Ry. Co.* v. *Gore,* 128 *Ga.* 627 (1) (58 S. E. 180); *Louisville & N. R. Co.* v. *Ledford,* 142 *Ga.* 770 (6) (83 S. E. 792); *Southern Cotton Oil Co.* v. *Caleb,* 143 *Ga.* 585 (1) (85 S. E. 707). If the plaintiff desired that the court's charge should be amplified in conformity with the principles laid down in *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802), a request to charge should have been made accordingly.

6. The evidence (introduced without objection) being sufficient to authorize the instruction, "that if she [the plaintiff] herself, by exercising ordinary care could have avoided the consequences to herself of the defendant's negligence, if there was such, she would not be entitled to recover," the charge was not error as being unauthorized by the pleadings, where the defendant's answer, if not originally broad enough for that purpose, could have been enlarged by amendment to include the defense referred to. *Joseph Leibling Inc.* v. *Tabb & Co.,* 30 *Ga. App.* 38 (2) (116 S. E. 666); *Jeter* v. *Davis,* 33 *Ga. App.* 733, 736 (127 S. E. 898); *Central R. & B. Co.* v. *Attaway,* 90 *Ga.* 656 (1) (16 S. E. 956); *Freeze* v. *White,* 120 *Ga.* 446 (1) (47 S. E. 928).

7. Error is assigned upon the charge of the court to the effect that if the driver of the automobile was guilty of negligence, and if "his negligence was the proximate, producing cause of the collision," the plaintiff could not recover. Plaintiff in error contends that the court should have charged that if the driver's negligence was "the *sole* proximate, producing cause," the plaintiff could not recover. While it is true that there

may be more than one proximate cause of an injury, nevertheless, since the court in referring to proximate cause used the definite article "the," the jury could not have been misled by the omission of the word "sole." See *O'Donnelly* v. *Stapler*, 34 *Ga. App.* 637 (4) (131 S. E. 91); *Hoffman* v. *Franklin Motor Car Co.*, 32 *Ga. App.* 229 (7), 237 (122 S. E. 896); *Dunbar* v. *Davis*, 32 *Ga. App.* 192 (122 S. E. 895).

8. Failure or refusal of the court to give a charge in regard to the allowance of damages for permanent injuries in a case of alleged negligence is not reversible error where the question of the right to recover for injuries not permanent was duly submitted and the jury found that the plaintiff was not entitled to recover at all. *McBride* v. *Georgia Ry. & El. Co.*, 125 *Ga.* 515 (1) (54 S. E. 674); *Binder* v. *Georgia Ry. & El. Co.*, 13 *Ga. App.* 381 (2) (79 S. E. 216); *Jackson* v. *Goldin*, 26 *Ga. App.* 283 (1) (107 S. E. 394); *Jackson* v. *Merritt Hdwe. Co.*, 26 *Ga. App.* 747 (1) (107 S. E. 394); *Cochran* v. *Anderson*, 30 *Ga. App.* 427 (3) (118 S. E. 450); *Sarman* v. *Seaboard Air Line Ry. Co.*, 33 *Ga. App.* 315 (6) (125 S. E. 891).

9. The court, in stating the contentions of the defendant, did not "so mix and mingle such contentions with the inferences and deductions of such party, in his own favor, from facts in evidence, as to present such contentions to the jury in the form of an argument" (*Smith* v. *Hazlehurst*, 122 *Ga.* 786, 50 S. E. 917), nor was the charge otherwise argumentative. If the contentions of the parties were not stated with precisely the same fullness, there was no such disparity in this respect as to require a new trial.

10. While some of the extracts from the charge may not be absolutely free from criticism, no material or prejudicial error appears. The evidence authorized the verdict in favor of the defendant. The court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 20, 1926.

Action for damages; from city court of Atlanta—Judge Reid. May 18, 1925.

*Harwell, Fairman & Barrett,* for plaintiff.

*Colquitt & Conyers,* for defendant.