26791. GOSSETT v. KRAFT PHENIX CHEESE CORPORATION et al.

DECIDED JULY 15, 1938.

Arnold, Gambrell & Arnold, for plaintiff.

Neely, Marshall & Greene, Bryan, Middlebrooks & Carter, for defendants.

STEPHENS, P. J. 1. On the trial of a suit in which the plaintiff sought to recover damages for personal injuries alleged to have been received by him by being run over and knocked down on a public highway by an automobile of the defendants, which at the time was being negligently operated along the highway, where the court charged the jury that no person can recover damages against another where he is injured by his own consent or through his own negligence, but that "in other cases the plaintiff may recover, but the damages shall be diminished in proportion to the amount of negligence attributable to him," the last portion of the charge was not equivalent to an instruction to the jury that the other cases in which damages could be recovered or diminished, as described, are only those cases where the plaintiff is not guilty of any negligence. The instruction that in the other cases in which the plaintiff may recover, the damages shall be diminished "in proportion to the amount of negligence attributable to him," indicated that the other cases referred to in which the plaintiff may recover, which were cases other than those in which the plaintiff's consent or his own negligence was responsible for his injuries, are cases in which the plaintiff was guilty of some negligence. Therefore the charge was not error in that the court therein failed to instruct the jury that if both the plaintiff and the defendants were

at fault, the plaintiff might recover, but the damages recoverable by him should be diminished in proportion to the amount of fault attributable to him. The charge therefore was not equivalent to an instruction that the plaintiff could not recover if he had been guilty of any negligence.

2. A charge in which the court stated that the principle of law contained in the charge referred to in paragraph 1 above means that no person can recover against another if the proximate cause of his injury is his own negligence, or the injury is inflicted by his own consent, whether or not it was a correct interpretation of the charge it referred to, was nevertheless a proper and correct statement of the law. It was not error prejudicial to the plaintiff. This charge was not error in that it failed to instruct the jury that the negligence of the plaintiff which would bar a recovery must be the sole proximate cause of the injury. This charge was not error as calculated to cause the jury to believe that the plaintiff could not recover if his negligence was one of the proximate causes of the injury, although the negligence of the defendants might also have been one of the proximate causes of the injury, where the court elsewhere in the charge instructed the jury that if the defendants' negligence was greater than the negligence of the plaintiff, the plaintiff could recover damages in an amount in proportion to the amount of fault attributable to him.

3. The charge, by the court given immediately after the charge complained of in paragraph 2 above, that the rule with respect to the comparative-negligence doctrine "means, as respects this particular case, simply" that if the jury should find that both the plaintiff and the defendants were negligent and that the negligence of the plaintiff was greater than that of the defendants, the plaintiff could not recover, was not error prejudicial to the plaintiff in that the instruction was that the only phase of the comparative-negligence rule applicable to the case on trial was the rule where the negligence of the plaintiff was greater than that of the defendants, when elsewhere in the charge the court expressly instructed the jury that where the negligence of the defendants was greater than the negligence of the plaintiff the plaintiff would be entitled to recover, but the amount of his recovery should be reduced in proportion to his own negligence.

4. The charge that if the jury should find that the plaintiff

and the defendants were both negligent, and that the negligence of the plaintiff was equal to the negligence of the defendants, the plaintiff could not recover, was not error prejudicial to the plaintiff in that the court did not at the same time instruct the jury as to the law where the negligence of the defendants was greater than the negligence of the plaintiff. The charge as given was not for any reason argumentative.

5. The charge that if the jury "should believe that a preponderance of the evidence fails to show" that the defendants were more negligent in the matters which caused the injuries to the plaintiff than was the plaintiff, the jury should find for the defendants, was not error in that it limited the jury's consideration to a preponderance of the evidence only, and did not require them to consider the entire evidence in determining whether or not the plaintiff should recover. The charge was equivalent to an instruction that if the plaintiff failed to show by a preponderance of the evidence that the defendants were negligent in a degree greater than the negligence of the plaintiff, in the matters which caused the injuries, the jury should find for the defendants. Whether or not the burden was on the defendants to show that the plaintiff was negligent, the burden was on the plaintiff to show that the negligence of the defendants was the proximate cause of the injury. The plaintiff, in carrying this burden, must show negligence in the defendants greater than his own negligence. The charge contained a correct statement of the law, and the court did not err in giving it to the jury. *Huckabee* v. *Grace*, 48 *Ga. App.* 621 (173 S. E. 744).

6. The charge by the court, that the plaintiff could not recover under the comparative-negligence doctrine where both the plaintiff and the defendants were negligent, unless the negligence of the defendants exceeded the negligence of the plaintiff, in which event the plaintiff would be entitled to recover, but the damages which he would be entitled to recover in the absence of any negligence on his part would be diminished in proportion to the amount of negligence attributable to him, was not argumentative because the court therein for the third time in the charge repeated the proposition that the plaintiff could not recover unless the defendants' negligence exceeded his own negligence, and was not for that rea-

son erroneous and harmful to the plaintiff. The charge stated a correct rule of law, and was not error as against the plaintiff.

7. The charge that if the plaintiff by the exercise of ordinary care could have avoided the consequences to himself of the negligence of the defendants, if the defendants were negligent, the plaintiff could not recover, stated the rule in substantially the language of the Code, § 105-603; and it was not error for the court to fail to charge, in connection therewith, that the requirement of ordinary care on the part of the plaintiff to avoid the consequences to himself of the defendants' negligence does not arise until the plaintiff is aware of the negligence of the defendants or should become aware of it in the exercise of ordinary care. *Collum* v. *Georgia Railway & Electric Co.*, 140 *Ga.* 573 (2) (79 S. E. 475). It was not error for the court, in giving in charge this rule as contained in the Code, to fail to give in charge in connection therewith the language immediately following, contained in the same Code section, that "in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained," where the court elsewhere in the charge instructed the jury that if the negligence of the defendants exceeded the negligence of the plaintiff, the plaintiff could recover, but that the damages recoverable must be diminished in proportion to the amount of negligence attributable to the plaintiff.

8. The charge of the court was not subject to any objections presented in the plaintiff's motion for new trial. The verdict for the defendants was authorized, and no error appears. The court did not err in overruling the motion.

*Judgment affirmed. Sutton and Felton, JJ., concur.*