THE FIRST NATIONAL BANK OF WINSTON, N. C. *vs.* THE ATLANTA RUBBER COMPANY.

1. Where a fact rests in the knowledge of a party, and he fails to make it appear, so as to clear up the issue in the case which involves it, one issue being that of fraud or no fraud the jury may infer against such party on that account; but where the fact is concealed when the party is interrogated concerning it, this of itself suggests fraud. Therefore in an issue arising under a garnishment and claim, involving the question whether certain insurance policies belonging to the debtor had been assigned *bona fide* after the occurrence of a loss and before the service of garnishment, or whether such assignments were made to hinder, delay and defraud the creditors of the insured, and where the testimony of the cashier of the bank to which the assignment had been made was taken by interrogatories, and in answer to a question by the plaintiff as to the indebtedness of the insured to the bank, he stated that the insured and its superintendent (it being a company) were indebted to the bank about $20,000, and in answer to an interrogatory as to how much the bank had received from the insurance companies, stated that it had collected the whole loss, as shown by the adjustments and its receipts upon the policies; and where the adjustment of loss among the several companies was sworn to have amounted to $20,309, such facts warranted a charge upon the law as to fraudulent assignments.
2. Evidence of statements made by a witness conflicting with his testimony on the stand, was admissible to contradict him.
3. The verdict is supported by the evidence.

October 19, 1886.

Fraud. Garnishment. Debtor and Creditor. Evidence. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1886.

On July 22, 1886, the Atlanta Rubber Company brought suit by attachment for $496.41 against the Willow Brook Manufacturing Company, a foreign corporation, and caused process of garnishment to be served on the Phenix and Germania Insurance Companies. The First National Bank of Winston, N. C., claimed the fund, and dissolved the garnishment by giving bond under the statute. On the trial, the evidence showed that $200 had been paid on the

claim. It appeared that two policies had been issued, one by each of the companies garnished, and that there was also other insurance on the property of the Willow Brook Company. The claimant contended that the two policies in this case had been transferred to it by written agreement, before the fire loss thereunder, as security for an indebtedness; that a fire occurred in July; that the loss was adjusted, and that on July 21, before the issuance of the attachment, the transfer had been entered on the policies. Causey, who was the treasurer and managing agent of the company, testified, among other things, that he had a conversation with J. C. Jenkins, one of the plaintiff's attorneys; that he paid Jenkins $200, and told him that he had received a letter from the Phenix Insurance Company, stating that the Rubber Company had sued it; that Jenkins did not say that the Germania Company also had been sued; that he said nothing to Jenkins of the assignment of the policies; that neither he nor the Willow Brook Company had any interest in them at that time; that he presumed the Rubber Company thought they were protected under the Phenix policy; that he did not promise to pay the balance of the account when the policies were paid; and that he did not, as treasurer of the company, recognize the claim as just for the amount for which it was made. The other facts are sufficiently stated in the decision.

The jury found for the plaintiff $296.41 principal, and $34.40 interest. The claimant moved for a new trial on substantially the following grounds:

(1)–(5.) Because the verdict was contrary to law and evidence.

(6.) Because the court erred in charging the jury as follows · " Under the law of this State, any conveyance which is made by a debtor to another person for the purpose of delaying or defrauding a creditor, the purpose being known to the person receiving the conveyance, is void. A conveyance by a debtor, however, made in good

faith and upon valuable consideration, would be good against other creditors and against the world. The securing of an indebtedness from a debtor to a creditor is a valuable consideration; consequently, to apply this rule of law to this issue, if you should believe that the assignment of the policies in question was made by the defendant to the claimant for the purpose of delaying or defrauding the plaintiff in this case, and that purpose was known to the claimant when he received the assignment, you would be authorized to find the assignment void, and to find the fund affected by the assignment subject to the process of garnishment in favor of this plaintiff. On the other hand, if you should believe from the evidence that the defendant in the case was really indebted to the claimant, and that the policy of insurance in question was assigned to the claimant in good faith for the purpose of securing that debt, it would be your duty to find the title of the claimant good and valid against the plaintiffs. How the facts are, it is for you, gentlemen, to ascertain by careful inquiry into the state of the proof." This was the entire charge of the court on this branch of the case. The claimant says that this charge was error because there was no evidence in the case to justify a charge of the court on the question of a fraudulent assignment.

(7.) Because the court erred in allowing witness J. C. Jenkins to testify for the plaintiff, over the objections of claimant's attorneys, as follows: " Causey did not tell me anything about the transfer of the Germania insurance policy, nor of the transfer of any other policy to the bank. He paid me $200.00 on the plaintiff's claim." . That he called on Causey for the purpose of collecting the debt; that Causey said he would pay the same when the company collected the money from the insurance companies; that when he called on Causey the second day, he was in High Point; that Causey informed him that he had received a letter from the Phenix Insurance Company, telling him that the Atlanta Rubber Company had served the insur-

ance company with process of garnishment; that he (witness) insisted upon the payment of the debt, and Causey told him that the Rubber Company need have no fears about their claim, as they were fully protected by their garnishment suits; and that witness told Causey that the Germania Company had been served or would be garnished, and Causey remarked that as soon as the money was paid by these companies, the Atlanta Rubber Company would get their money.—All of this testimony was objected to by claimant's attorney, on the ground that the statements or admissions made by Causey were inadmissible to affect rights of the claimant or its title to the policies of insurance, the evidence in the case showing that the Willow Brook Manufacturing Company and Causey had parted with all title to the policies of insurance prior to the time the conversation between said Causey and Jenkins took place; and on the further ground that the Causey's connection with the matter as agent for the claimant in the matter, if it ever existed, had ceased prior to the conversation.

The motion was overruled, and the claimant excepted.

B. F. Abbott, for plaintiff in error.

J. C. Jenkins; Geo. T. Fry, for defendant.

Blandford, Justice.

The Willow Brook Manufacturing Company, of North Carolina, being indebted to the Atlanta Rubber Company less than three hundred dollars, the latter company sued out an attachment against the former company and caused certain insurance companies to be garnished. The Winston National Bank dissolved these garnishments by interposing a claim in accordance with the statute. Upon the trial of the claim case, it was contended, on the part of claimant, that the policies of insurance had been transferred and assigned to the bank after the loss and before

the garnishments had been served on the insurance companies by the manufacturing company, to pay an indebtedness which the Willow Brook Company owed the bank. The Rubber company insisted that the assignment of these policies was void, because the same was made to hinder, delay and defraud the creditors of the Willow Brook Company. On the trial, the testimony of the cashier of the bank, taken by commission, was read, and in answer to the question of the plaintiff as to the indebtedness of the Willow Brook Company to the bank, he stated that the Willow Brook Manufacturing Company and one Causey, who was its superintendent, were indebted about twenty thousand dollars; and in answer to the interrogatory as to how much the bank had received from the insurance companies, he stated that the bank had collected the whole loss, as shown by the adjustments and the bank's receipts upon the policies. The evidence of the adjuster showed that the adjustment of loss among the several companies amounted to twenty thousand three hundred and nine dollars. The court, among other things, charged the jury upon the law as to fraudulent assignments. To the charge the plaintiff in error excepted, and assigns the charge as error, not because the same is not correct as applied to the law of the subject, but because there was no evidence which authorized a charge on this subject, and that the charge is merely abstract.

1. With this view this court does not concur. The questions in the case were, whether the assignments of these policies of insurance had been made at all, and if made, that the same were not made in good faith to secure the bank in the indebtedness of the Willow Brook Manufacturing Company, but to defraud the creditors of this company. The bank testified in the case by its cashier, and it knew the exact amount of the indebtedness by the Willow Brook Company to the bank, and could have stated it, but did not, but in lieu thereof stated that the indebt-

v 77—50

edness of both Causey and the Willow Brook Company was about twenty thousand dollars. It is a well-settled rule, where a fact rests in the knowledge of a party, and he fails to make it appear so as to clear up the case, that the jury may infer against the party on that account; but when the fact is concealed by a party when interrogated thereto, this of itself suggests fraud. Open and fair dealing required this bank to state fully the indebtedness of the Willow Brook Manufacturing Company to the bank. The bank knew, or ought to have known, what amount of money it had received on account of the insurance policies transferred to it by the Willow Brook Company, and it failed to state this in answer to interrogatories put to it by the Rubber Company. This all had the appearance of concealment on the part of the bank. The testimony showed that the bank had received three hundred and nine dollars more than the indebtedness as stated from the Willow Brook Company to the bank. All these things called for the charge as given by the court.

2. We think the evidence of Jenkins was properly admitted to contradict Causey, and there was no error in admitting the same.

3. We are satisfied with the verdict, and that there was no error in refusing the new trial.

Judgment affirmed.