## PETERSON *v.* WADLEY & MOUNT VERNON R. CO.

1. Where, in a suit against a railway company for damages, the jury returns a verdict in favor of the plaintiff, he can not justly complain of an erroneous charge touching his right to recover, or of any other error which did not operate to his prejudice.
2. It can not, as matter of law or of fact, be assumed by a reviewing court that in such a case the jury would have found in favor of the plaintiff a larger sum as damages had not the trial judge improperly admitted proof of the irrelevant fact that all of the capital stock of the defendant company was owned by a single individual.
3. There was, in the present case, no error in omitting to instruct the jury that they "might award the plaintiff damages for future pain and suffering."

Argued February 12,— Decided March 13, 1903.

Action for damages.    Before Judge Evans.    Emanuel superior court.    June 9, 1902.

*Thomas E. Watson, John T. West,* and *James K. Hines,* for plaintiff.    *R. L. Gamble* and *Walter R. Daley,* for defendant.

SIMMONS, C. J.    An action for damages was brought against the railroad company by Lillie Peterson, who, while riding as a passenger upon the defendant's train, received personal injuries, caused by the coach in which she was seated becoming derailed and overturned.    The casualty was brought about by the breaking of the flange on one of the wheels of the car.    The company undertook to show that the wheels under this car had been properly inspected on the morning of the day when the plaintiff's injuries were received, and that the defect in the flange which broke was a latent imperfection which could not have been discovered.    What was supposed to be a portion of this flange was subsequently found lying upon the track about two miles from the place where the car became derailed, though no effort to verify the conclusion that this piece of iron had, in point of fact, formed a part of the broken wheel was made by attempting to "fit" this piece into the break left in the flange of that wheel.    This piece of iron was tendered and admitted in evidence, with a view to showing that the defect in the wheel was a latent one, and that the flange had not become sufficiently worn to render the wheel unsafe.    A witness for the plaintiff testified that, soon after the catastrophe, he made an examination of the wheels of the coach and found that the "flanges were worn very thin."    He further stated that he had measured

"the broken gap" in the wheel having the defective flange, and expressed the opinion that the piece of iron found upon the track was smaller and thicker than that which had been broken out of that flange. The jury returned a verdict for $1,000 in favor of the plaintiff. Being dissatisfied with this amount, she made a motion for a new trial, which was overruled, and she excepted.

1. Complaint was made in the motion that the court erred in admitting in evidence the piece of iron which the company contended had formed a part of the wheel which was broken. Also, that error was committed in refusing to allow the plaintiff to prove "that this car of defendant had run off three or four years before this accident." Were we, as we are not, inclined to think error was committed in either of these rulings, we would be unwarranted in holding the error was prejudicial to the plaintiff, since she won the case notwithstanding. The same reply may be made to the plaintiff's contention that the court incorrectly charged as to the burden of proof which rested upon her, and committed error in telling the jury she would have no right to recover if they believed she could, " by the exercise of ordinary care, have avoided the consequences of the defendant's negligence." That they did not so believe is evidenced by their finding in her favor. Exception is also taken to a charge as to the duty of a railroad company to observe " extraordinary care and diligence in the construction of its road, laying of its rails and the maintenance " thereof, as well as "in providing proper and safe coaches, and in operating its cars." The complaint made of this charge is that it " excluded from the jury the theories of the plaintiff that the defendant was negligent in not having its car-wheels properly tested before leaving its terminus on the day of the injury, and in not having a bell-rope by which the conductor could signal the engineer to stop." Suffice it is to say this charge did not actually have the effect of excluding these " theories of the plaintiff," or else the jury were not at a loss to discover equally good theories upon which to base the verdict they returned in her favor.

2. Much stress was laid upon the complaint of the plaintiff that the court, over her objection, permitted one James, "a witness for the defendant, to testify that he was the sole owner of all the stock of " the railroad company. In a brief filed in her behalf, counsel insist that this evidence was not only wholly irrelevant,

but hurtful, in that:  "It was brought into the case to influence the jury in favor of the defendant.  It was introduced to make the jury think James was the real defendant.  It was done to create sympathy for James."  However this may be, the fact remains that the jury found the plaintiff was entitled to recover, and, apparently, honestly endeavored to ascertain the extent of her injuries and to award her just and reasonable compensation therefor.  The testimony was conflicting as to whether her injuries would, or would not, prove permanent.  Upon the assumption that the jury concluded, as they might well have done, that her injuries were not of a permanent character, the amount of the verdict was certainly as large as might reasonably have been anticipated.  There may, or there may not, be a tendency on the part of juries in this State to find against a railroad company an amount of damages which they would be unwilling to award against an individual who was the sole owner of a railway.  But surely we can not be expected to take judicial cognizance of any such tendency, even if it in fact exists.  Furthermore, it is barely possible that those jurors (if any) who are willing to take a more liberal view as to damages in a case where a railway company is the party defendant are disposed to entertain extravagant, rather than strictly conservative, ideas concerning the compensation to be awarded ; so the amount which the jury would find against a railroad corporation in a particular instance does not necessarily constitute the only proper test for determining how much money the injured party is entitled to recover.  Accordingly, we are not prepared to hold that the testimony objected to as irrelevant so seriously operated to the prejudice of the plaintiff as to require a reversal of the judgment below denying a new trial.

3.    In her petition the plaintiff alleged that, " by reason of her impaired capacity to labor," she had been " damaged in the sum of $4,500, her injuries being of a permanent nature."    Also, that by reason of being injured in the manner described, " she suffered great pain," and " endured, and still " endured at the time of filing her petition, " the torture of almost constant suffering ; " and that " by reason of said pain and suffering she [had] been damaged in the sum of $5,000."    She did not, however, undertake to affirmatively allege that, though permanently injured, she had reason to apprehend she would experience future suffering ; nor did she pray for

any recovery based on the idea that she might. The trial judge charged the jury: " If the plaintiff is entitled to recover at all, she is entitled to recover for pain and suffering she may have sustained. The law lays down no fixed rule for estimating that, except the enlightened conscience of an impartial jury." So, it will be seen, the jury were left free to award damages for all pain and suffering experienced up to the day of trial — some eighteen months after the date when the petition was filed. Counsel nevertheless insist that the court, erred in not further charging " the jury that they might award the plaintiff damages for future pain and suffering, it being made to appear from the evidence probably certain that the plaintiff would suffer future pain." Whether, in view of the plaintiff's pleadings, the court would have been warranted in so charging we much doubt. That no error was committed in failing to so charge, there being no request to do so, we are certain.

*Judgment affirmed. By five Justices.*