*H. H. Anderson*, contra.

---

## STEPHENSON v. MEEKS.

FISH, C. J.   1. Where it was sought to set aside a deed on the ground that the grantor, on account of age and weakness, was mentally incapable of making it, and that the grantee procured it by the use of undue influence, after a witness had testified that he had known the grantor for many years, that the latter was 92 years of age at the time of his death (the deed being executed about a year prior thereto), "and his mental capacity was pretty weak; I hardly think he was capable to transact business," it will not require a new trial that the court permitted the witness to testify that "in that weak condition it seems to me his mind could be more or less subjected to influence, but not more than any other old man of his age would."

2. In an action of the character indicated in the preceding headnote, where the grantee in a deed sought to be set aside was charged with having used undue influence in its procurement from the grantor, who was aged and weak in mind and body, and evidence was introduced tending to show that some years before the deed in controversy was made the grantor had executed a will in which he made substantially the same provisions as in the deed; that the grantee in the subsequent deed, who was the son of the grantor, on learning of the provision in the will requiring him to pay to his sister a certain amount, became enraged and cursed and abused his father and mother, causing the father to destroy the will; that on another occasion when his father proposed to give a piece of personal property to the sister of the grantee, who was the plaintiff in the present suit, the grantee became enraged and in-

36

dulged in violent and profane language; and that after the death of his father, the grantor, he told his sister that their father was bothered and that the grantee told him to make it like he did before, which the grantor did; and that the grantor relied greatly upon the grantee in regard to his business affairs; and where the grantee (defendant) did not testify in the case, and counsel argued that such failure raised a presumption against him, while counsel for the defendant insisted that it raised no such presumption, there was no error in charging the jury that "the fact that the defendant did not go upon the stand and testify in this case does not raise a presumption against him, but it is a circumstance you may consider and take along with all the other facts and circumstances in the case, to determine what is the truth of this alleged transaction."

3. There was no error in overruling the motion for a nonsuit.

4. While the evidence might have authorized a different verdict, there was enough to support the verdict which was found in favor of the plaintiff; and the presiding judge having refused a new trial, this court will not reverse the judgment.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*
APRIL 23, 1914.

Equitable petition. Before Judge Fite. Catoosa superior court. April 18, 1913.

*W. H. Payne* and *Maddox, McCamy & Shumate,* for plaintiff in error. *W. E. Mann,* contra.