SEAGRAVES *v.* COUCH & JACKSON.

ATKINSON, J. 1. A voluntary bankrupt has an assignable interest in the property claimed by him in his petition as exempt under the constitution and homestead laws of this State; and he can transfer this interest in good faith to his creditors, either to extinguish or to secure a pre-existing debt, before the property is set aside by the trustee in bankruptcy, and before the same is confirmed by the bankruptcy court. *Silver* v. *Chapman,* 163 *Ga.* 604 (3) (136 S. E. 914).

2. A voluntary bankrupt, having such assignable interest in the property claimed in his petition as exempt, can prefer one creditor to another and in good faith transfer such interest to one creditor in extinguishment of a pre-existing debt in preference to other creditors (*Silver* v. *Chapman,* supra); but he can not make transfer of such interest that will be valid as against creditors, where his intention in doing so is to delay or defraud his creditors, and the party receiving the transfer knows of such intention (*Pincus* v. *Meinhard,* 139 *Ga.* 365, 77 S. E. 82), or has ground for reasonable suspicion of such intention. Civil Code (1910), § 3224 (2).

Before such a transfer by a bankrupt could be defeated by the bankrupt's fraudulent intent as against other creditors, two things must be shown: first, that such fraudulent intent existed; and second, that the

transferee was connected with the fraud either by participating in the intent or by having notice of it or grounds for reasonable suspicion. On the first of these questions, acts or declarations of the bankrupt indicative of such intent are competent evidence, without reference to whether they were known by the transferee; but if such acts or declarations are not in the presence of the transferee, they are not competent to show notice or reasonable ground of suspicion to the transferee. *Claflin* v. *Ballance*, 91 *Ga.* 417 (18 S. E. 309).

4. The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. Civil Code (1910), § 5746.

(a) In a suit by a creditor against a transferee, to set aside and defeat a transfer of his exemption on grounds as indicated in the preceding division, the burden is on the plaintiff to show, by direct or circumstantial evidence, both the fraudulent intent of the bankrupt and notice to the transferee of such intent or reasonable grounds to suspect it.

(b) In such a suit, if the evidence introduced by the plaintiff fails to make out a prima facie case against the transferee, the circumstance that the transferee is in court and is not introduced as a witness in his own behalf will not supply the deficiency in the plaintiff's proof. If this were not so, a defendant in a case of the character mentioned could not attend the trial without assuming the burden of proof.

(c) This ruling does not violate the rule (Civil Code (1910), § 5749) that "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted."

5. Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence. Civil Code (1910), § 4626.

(a) The transaction involved in this case was not shown to have been between husband and wife or persons of the same family. The transfer by the bankrupt was such as was authorized under the law as pronounced in the first and second divisions of this opinion. The evidence as to the circumstances under which the transfer was made, viewed from the standpoint that the bankrupt had a lawful right to make it, was not sufficient to support a charge of fraudulent intent upon the part of the bankrupt. And even if it were sufficient for that purpose, it was not sufficient to show notice to the transferee, or reasonable ground to suspect a fraudulent intent upon the part of the bankrupt.

(b) The case differs substantially on its facts from *Hoffer* v. *Gladden*, 75 *Ga.* 532, and the rulings there made do not require a different decision in this case.

6. The judge erred in overruling the defendant's motion for a new trial.

*Judgment reversed. All the Justices concur.*

No. 6484. FEBRUARY 13, 1929.

**40**

*Johnny J. Jones,* for plaintiff in error.
*Wright & Jackson* and *Freeman C. McClure,* contra.