BANDY *v.* TAYLOR IRON WORKS & SUPPLY COMPANY *et al.*

ATKINSON, J. 1. A voluntary bankrupt having an assignable interest in the property claimed in his petition as exempt *(Morris Fertilizer Co. v. White*, 158 *Ga.* 38, 122 S. E. 692, and cit.; *Silver* v. *Chapman*, 163 *Ga.* 604 (3), 136 S. E. 914) can not make transfer of such interest that will be valid as against creditors, where his intention in doing so is to delay or defraud his creditors, and the party receiving the transfer knows of such intention *(Pincus* v. *Meinhard*, 139 *Ga.* 365, 77 S. E. 82), or has ground for reasonable suspicion of such intention. Civil Code (1910), § 3224 (2); *Seagraves* v. *Couch*, 168 *Ga.* 38 (2) (147 S. E. 61).

2. On the issues in this case as to intention of the transferor to delay and defraud creditors, and as to the knowledge of the transferee and reasonable ground for suspicion of such intention of the transferor, the evidence was sufficient to carry the case to a jury.

3. The fact that at the interlocutory hearing the judge excluded from the presence of the court the transferee, an intervening party to the case, while other witnesses for the defense were being examined, was not cause for reversal. In this connection see *Southern Cotton-Oil Co.* v. *Overby*, 136 *Ga.* 69 (70 S. E. 664).

4. The judge did not abuse his discretion in granting a temporary injunction and in appointing a receiver.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*

No. 9183. AUGUST 8, 1933.

*O. C. Hancock* for plaintiff in error.

*Jones, Johnston, Russell & Sparks, Charles M. Cork,* and *A. S. Thurman,* contra.