428

DECIDED SEPTEMBER 28, 1938.

*G. W. Langford*, for plaintiff.
*S. W. Fariss, Rosser & Shaw*, for defendants.

GUERRY, J. 1. The plaintiff brought the present action for recovery of damages for personal injuries. It appears from the allegations of the petition that the injuries arose out of the collision of the defendants' automobile (being operated at the time by an agent of the defendants) with that belonging to plaintiff. The petition charges that the agent of the defendants was negligent in named particulars (not necessary to set out here) in the operation of the defendants' automobile. The defendants filed a cross-action seeking damages for injuries to their automobile, charging the plaintiff with certain acts of negligence in the operation of his car. The jury returned a verdict in favor of the defendants in the original suit and in favor of the plaintiff in the cross-action. Complaint is made that the court failed to charge the jury as to the right of the plaintiff to recover for permanent injuries.

"Failure or refusal of the court to give a charge in regard to the allowance of damages for permanent injuries in a case of alleged negligence is not reversible error where the question of the right to recover for injuries not permanent was duly submitted, and the jury found that plaintiff was not entitled to recover at all." *Howard v. Ga. Ry. & Power Co.*, 35 *Ga. App.* 273 (8) (133 S. E. 57).

2. The judge's charge to the jury contained a full and correct statement of the rules of law with respect to negligence as applied to the petition and the cross-action. It was not error to charge, in the same connection: "In determining that question you will take into consideration all the facts and circumstances surrounding the collision in this case at that time, and applying the rule of reason and common sense, and in that way determine who was negligent and whose negligence was the proximate cause of the injury."

3. The charge of the court in respect to Code, § 105-603, was not erroneous, nor was the charge open to the objection that it so included the two distinct rules of law embodied in this section and § 94-703, that they modified one another.

4. We have carefully examined all the remaining assignments of error, and none of them necessitates a reversal of the judgment. The case was fairly tried, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*