39066, 39095. RAMIREZ v. MANSOUR; and *vice versa.*

JORDAN, Judge. This was a suit to recover damages for personal injuries claimed by the plaintiff as a result of an automobile collision which occurred in the City of Mountain Brook, Ala-

bama, while she was riding as a guest passenger in an automobile being operated by the defendant. The jury returned a verdict for the plaintiff and the trial court subsequently granted the defendant's amended motion for new trial. The main bill of exceptions assigns error on the granting of a new trial on three of the special grounds and the cross-bill assigns error on the denial of the general grounds and the remaining special ground. *Held:*

1. Under the decisions of the Supreme Court in *Thompson v. Davitte,* 59 Ga. 472; *Howard v. Obie,* 190 Ga. 394 (9 SE2d 666); and *McCallie v. McCallie,* 192 Ga. 699 (3) (16 SE2d 562), the provisions of *Code* § 38-119 are not applicable to the failure of a party defendant to testify at his trial. Though this construction appears to be reluctantly followed in *McCallie v. McCallie,* supra, it is nevertheless binding on this court and must be adhered to in this case. Accordingly, the trial court did not err in sustaining special grounds 4, 5 and 6 of the amended motion which complained of the giving of the principles embodied in this Code section in charge to the jury in the instant case with reference to the defendant's failure to appear personally and testify at the trial, and in granting a new trial based thereon.

2. This case was tried under a stipulation admitting the existence of the Alabama guest statute requiring the plaintiff to prove wanton misconduct on the part of the defendant as a prerequisite to recovering against the defendant. In this regard it appears that the trial court fully charged the laws and applicable legal principles of the State of Alabama relating to wanton misconduct. Special ground 7 which attacks a portion of the charge relating to wanton misconduct is without merit.

3. Since this case is to be tried again, the general grounds are not ruled upon, except to say that the evidence, as construed under the applicable laws and court decisions of the State of Alabama, did not demand a verdict for either party.

*Judgment affirmed on both the main bill and cross-bill of exceptions. Townsend, P. J., and Frankum, J., concur.*

DECIDED SEPTEMBER 28, 1961—REHEARING DENIED
OCTOBER 17, 1961.

*N. Forrest Montet,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* contra.