110 Ga. App. 863 (1965)
140 S.E.2d 232
STYNCHCOMBE
v.
GOODING AMUSEMENT COMPANY, INC.
40871.
Court of Appeals of Georgia.
Decided January 5, 1965.
*864 Westmoreland, Hall & Pentecost, John L. Westmoreland, Jr., Donald E. O'Brien, for plaintiff in error.
Nall, Miller, Cadenhead & Dennis, Edward S. White, contra.
BELL, Presiding Judge.
1. Quite understandably, dedicated counsel on appeal repeatedly seek to invoke the provisions of Code § 105-2015 on behalf of their clients when in the lawyers' partisan opinions the verdict as to their clients is either "excessive" or "inadequate." The courts, however, are not devoted adherents to anyone's cause. The rules of law governing "excessiveness" and "inadequacy" of verdicts are well delineated in numerous decisions of our appellate courts. These principles must be applied consistently and equably to the facts of each case. The facts here are insufficient to justify an inference of gross mistake or undue bias on the jury's part influencing it to return an inadequate verdict. The trial judge has approved the verdict and we cannot say as a matter of law that he abused his discretion. See generally on the subject of excessiveness or inadequacy of verdicts: Atlanta Metallic Casket Co. v. Hollingsworth, 107 Ga. App. 594, 596 (1) (131 SE2d 61); Holland v. Williams, 3 Ga. App. 636 (60 SE 331); Brown v. Service Coach Lines, Inc., 71 Ga. App. 437, 445-448 (2) (31 SE2d 236); Pierson v. M. & M. Bus Co., 74 Ga. App. 537, 538-540 (1) (40 SE2d 561); Beecher v. Farley, 104 Ga. App. 785, 787 (1) (123 SE2d 184). Also see cases annotated under Code § 105-2015, catchwords "Excessiveness" and "Inadequacy."
Special ground 4 of the motion for new trial has no merit.
2. Special grounds 5, 6, 10 and 11 all complain of selected extracts from the trial court's instructions to the jury. Ground 5 objects to the portion charging the jury as to their duty to reconcile conflicts, if any, in the evidence. Ground 6 contends that the court erred in charging the jury on the subject of circumstantial evidence. Ground 10 assigns error on the court's statement *865 that "in the term pain and suffering you may include mental suffering, if you find such to exist." Ground 11 expresses discontent with the court's submitting to the jury the issue as to whether or not the plaintiff's injuries were permanent.
The substance of the objection to each of these excerpts is that there was either no conflicting evidence or no evidence at all on the principle charged.
We find it to be unnecessary for us to consider whether the excerpts would have been harmful to the plaintiff even if unsupported or unauthorized by the evidence as claimed for the reason that our examination of the record reveals as to each of them that the evidence authorized the instruction.
There was some circumstantial evidence bearing on the issues. In this status, it was not erroneous for the court to give in charge the law on that subject. Hatcher v. Bray, 88 Ga. App. 344, 346 (3) (77 SE2d 64). In respect to the other complaints, the evidence was conflicting. Aetna Ins. Co. v. Lipsitz, 130 Ga. 170, 188 (3) (60 SE 531, 14 AC 1070); Loeb v. Whitton, 77 Ga. App. 753, 754 (2) (49 SE2d 785). See Richmond &c. R. Co., v. Mitchell, 92 Ga. 77, 83-84 (5) (18 SE 290).
There is no merit in these special grounds.
3. Special ground 7 of the motion for new trial assigns error upon the following excerpt from the court's instructions to the jury: "Ladies and Gentlemen of the jury, the plaintiff's cause of action in this case is restricted by the allegations of his petition and you would not be authorized to include in your verdict any amount for damages for injuries or losses not alleged in his petition." The plaintiff had introduced, without objection, evidence of injury to his infraorbital nerve, which was not specifically alleged in the petition. He now contends that this excerpt precluded the jury's consideration of the specific injury shown by the evidence.
While the petition did not allege in detail the injury referred to in this ground of the motion for new trial, it alleged in general terms injury to the plaintiff's head, brain and nervous system. Intelligent jurors would readily perceive that the impairment of the infraorbital nerve was a part of the injury generally alleged. We cannot say as a matter of law that they *866 did not include the specific injury in their assessment of damages. The instruction did not preclude their doing so.
There is no error in this portion of the charge.
4. Ground 8 complains of a portion of the instructions to the jury in which several times the trial judge used the phrase "if you find that the plaintiff is entitled to recover." The plaintiff contends that this was error because liability was admitted in the case. The jury returned a verdict for plaintiff, and the error complained of, touching upon his right to recover, was harmless to plaintiff as this matter was resolved in his favor. Peterson v. Wadley &c. R. Co., 117 Ga. 390, 391 (1) (43 SE 713); Bowen v. Holland, 184 Ga. 718, 721 (3) (193 SE 233); Brown v. Service Coach Lines, Inc., 71 Ga. App. 437, 449 (4), supra; Kaylor v. Romines, 85 Ga. App. 839, 841 (2) (70 SE2d 395). See also Beecher v. Farley, 104 Ga. App. 785, 788 (3), supra, and cases cited.
For the same reason there is no merit in special ground 9 of the motion for new trial.
The general grounds of the motion were abandoned.
Judgment affirmed. Jordan and Eberhardt, JJ., concur.