### 46754. TANKSLEY v. WELCH et al.

CLARK, Judge. While under arrest and being transported in an automobile by the deputy sheriff for incarceration, plaintiff-appellant was injured when the deputy sheriff lost control of his vehicle and collided with a utility pole. Suit was brought against the Deputy Sheriff, the Sheriff and Murray County Board of Roads and Revenue and a verdict was obtained for $500. Being dissatisfied with the amount of the verdict plaintiff filed a motion for new

trial on the general grounds, followed by an amendment which alleged error through admission of evidence over objection, and further error in the court having dismissed the jury before announcement of its verdict. After the motion for new trial as amended was denied plaintiff took this appeal. *Held:*

1. "The amount of the verdict is peculiarly a jury question." *Atlantic C. L. R. Co. v. Heath,* 57 Ga. App. 763, 771 (196 SE 125). The jury verdict in this case was approved by the trial court. We have examined the transcript of evidence and find the applicable law to be stated thus in *Kirkman v. Miller,* 116 Ga. App. 78 (2) (156 SE2d 558): "Although the damages were low, they were not, under the evidence, subject to exact calculation and were not so inadequate as to be manifestly the result of gross mistake or undue bias and prejudice. [Citations]."

2. Although the plaintiff-appellant enumerates error and argues that the court below erred in dismissing the jury before publication of the verdict, the additional record supplied by appellee's motion in this court shows the trial judge asked both counsel for plaintiff and counsel for the defendant if there were any objections to his not publishing the verdict until after another jury was selected and excusing the jurors in this case for the term. "In response to the judge's question, both counsels stated that there was no objection to this procedure." It appearing the attorney for the appellant in conformity with usual practice in such matters expressly waived the presence of the jury and thereby consented, he cannot now complain. *Hughes v. State,* 159 Ga. 818 (127 SE 109); *Smith v. Jones,* 185 Ga. 236 (194 SE 556); *Stanley v. Hudson,* 78 Ga. App. 834, 838 (52 SE2d 567).

3. With reference to the enumerations of error dealing with evidence, neither the enumeration of errors nor the brief contains specific reference to the record of transcript as required by Rule 18 of this court, which rules are found in 122 Ga. App. 885, 892. Accordingly, these are treated as abandoned. *Adamson v. Aetna Life Ins. Co.,* 122 Ga.

App. 469 (177 SE2d 511); *Home Indem. Co. v. Godley,* 122 Ga. App. 356 (177 SE2d 105); *Chambers v. Donalson,* 122 Ga. App. 439 (177 SE2d 264).

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.* ARGUED JANUARY 5, 1972—DECIDED JANUARY 25, 1972.

*J. W. Yarbrough,* for appellant.

*Pittman, Kinney, Kemp, Pickell & Avrett, Maurice M. Sponcler,* for appellees.