47310.   MALOY et al. v. DIXON.

152

ARGUED JULY 7, 1972—DECIDED SEPTEMBER 6, 1972—
REHEARING DENIED SEPTEMBER 27, 1972—

*Haas, Holland, Levison & Gibert, Theodore G. Frankel, Harold D. Corlew,* for appellants.

*Dennis & Fain, Dennis J. Webb,* for appellee.

EBERHARDT, Presiding Judge. ■ Although the clerk of the trial court has included the interrogatories and answers and the deposition in the record transmitted to this court, these were never introduced into evidence, never became part of the transcript below and are not properly a part of the record here. *Herring v. Pepsi Cola Bottling Co.,* 113 Ga. App. 680 (1) (149 SE2d 370); *Smith v. Zachry,* 128 Ga. 290 (1) (57 SE 513). They cannot be considered in ruling upon the enumerations of error. *Smith v. Continental Cas. Co.,* 102 Ga. App. 559 (2) (116 SE2d 888); *Howell v. Federated Mut. &c. Ins. Co.,* 114 Ga. App. 321 (1) (151 SE2d 195); *Jackson v. U. S. Fidel. &c. Co.,* 119 Ga. App. 111 (3) (166 SE2d 426). "The burden is on the party alleging error to show it affirmatively by the record." *Shepherd v. Shepherd,* 225 Ga. 455, 457 (169 SE2d 314). As will hereafter appear, certain of the enumerations of error are dependent upon matter to be found only in the interrogatories and answers, in the

deposition, or by assertions in appellants' brief. The brief cannot serve in the place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error. *Airport Associates v. Audioptic Instructional Devices, Inc.,* 125 Ga. App. 325 (2) (187 SE2d 567). Our "decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel." *Jenkins v. Board of Zoning Appeals of the City of Columbus,* 122 Ga. App. 412 (2) (177 SE2d 204). And in this context "record" means the pleadings and those portions of the record or transcript which reflect what in fact transpired on the trial of the case. Extraneous matter, though erroneously included and sent up, cannot be considered.

■ Error is enumerated on failure of the court to give in charge a request that when a party has evidence within his power or control by which he may rebut a claim against him and fails to produce that evidence, a presumption arises that the evidence would be unfavorable or harmful to the party failing to produce it. This principle is stated in *Code* § 38-119.

■ The request was grounded on the failure of the defendant to testify. The Supreme Court and this court have held that when a defendant, who is under no duty to aid the plaintiff in making out his case,[1] fails to testify the

---

[1]The burden of proof rests upon the plaintiff to establish the negligence of the defendant and its causal relation to the claimed injury and damage. *Code* § 38-103; *Brown v. City of Atlanta,* 66 Ga. 71 (2); *White v. Executive Committee of Baptist Convention,* 65 Ga. App. 840 (2) (16 SE2d 605); *McKinney v. Burke,* 108 Ga. App. 501 (2) (133 SE2d 383); *Miller v. Dean,* 113 Ga. App. 869 (1) (150 SE2d 191). "The law raises no presumption whatever as to who was to blame. The burden is on the plaintiff to show that the defendant was negligent." *Chenall v. Palmer Brick Co.,* 117 Ga. 106, 108 (43 SE 443). "It is never to be presumed that a person will commit a wrongful act or will act negligently or improperly. Nothing to the contrary appearing, it is to be

presumption of *Code* § 38-119 is not appropriate or applicable against him. *Emory v. Smith,* 54 Ga. 273; *Thompson v. Davitte,* 59 Ga. 472 (7); *Stephenson v. Meeks,* 141 Ga. 561 (2) (81 SE 851); *Ward v. Morris,* 153 Ga. 421, 424 (112 SE 719); *Seagraves v. Couch & Jackson,* 168 Ga. 38 (4b), supra; *McCallie v. McCallie,* 192 Ga. 699 (3) (16 SE2d 562); *Howard v. Obie,* 190 Ga. 394 (9 SE2d 666); *Ramirez v. Mansour,* 104 Ga. App. 651 (1) (122 SE2d 594). For an exception, see *Cotton States Fertilizer Co. v. Childs,* 179 Ga. 23 (174 SE 708), and compare *Western & A. R. Co. v. Morrison,* 102 Ga. 319 (2) (29 SE 104, 40 LRA 84, 66 ASR 173).

■ But if this were not the case it has long been the rule that when a verdict has been returned in favor of the plaintiff, errors in the giving of the charge, in omissions from the charge or in the refusal of requests which go to the matter of liability only are harmless to the plaintiff and afford no ground for reversal at his instance. *Peterson v. Wadley & Mt. Vernon R. Co.,* 117 Ga. 390 (1) (43 SE 713); *Jackson v. Seaboard A. L. R.,* 140 Ga. 277, 283 (78 SE 1059); *Brown v. Brown,* 152 Ga. 463 (2) (110 SE 234); *Jackson v. Lipham,* 158 Ga. 557 (5) (123 SE 887); *O'Quinn v. Douglas, A. & G. R. Co.,* 7 Ga. App. 309 (1, 2) (66 SE 810); *Hunt v. Western & A. R.,* 49 Ga. App. 33, 36 (174 SE 222); *Trammell v. Atlanta Coach Co.,* 51 Ga. App. 705, 706 (181 SE 315); *L. P. Gunson & Co. v. Garrett,* 53 Ga. App. 717 (3)

---

assumed always that a person will act in a proper manner—will do that which he must do in the right way." *Atlantic C. L. R. Co. v. Brown,* 82 Ga. App. 889, 892 (62 SE2d 736). Cf. *Carlton Co. v. Poss,* 124 Ga. App. 154 (1) (183 SE2d 231). "[I]f the evidence introduced by the plaintiff fails to make out a prima facie case against the [defendant], the circumstance that the [defendant] is in court and is not introduced as a witness in his own behalf will not supply the deficiency in the plaintiff's proof. If this were not so, a defendant . . . could not attend the trial without assuming the burden of proof." *Seagraves v. Couch & Jackson,* 168 Ga. 38 (4b) (147 SE 61).

(186 SE 849); *Groover v. Cudahy Packing Co.,* 61 Ga. App. 707, 708 (7 SE2d 287); *Walker v. Southeastern Stages,* 68 Ga. App. 320 (3) (22 SE2d 742); *Brown v. Service Coach Lines,* 71 Ga. App. 437 (8) (31 SE2d 236); *Joyce v. City of Dalton,* 73 Ga. App. 209, 216 (36 SE2d 104); *Baggett v. Jackson,* 79 Ga. App. 460, 463 (54 SE2d 146); *Kaylor v. Romines,* 85 Ga. App. 839, 841 (70 SE2d 395); *Beecher v. Farley,* 104 Ga. App. 785 (3) (123 SE2d 184); *Bell v. Camp,* 109 Ga. App. 221 (2) (135 SE2d 914); *Stynchcombe v. Gooding Amusement Co.,* 110 Ga. App. 864, 867 (140 SE2d 232); *Butler v. Stewart,* 112 Ga. App. 293 (1) (145 SE2d 47).[2] The presumption, if any, which could have arisen from failure of the defendant to testify was only that the plaintiffs' claims were "well founded," and since the verdict was for the plaintiff, establishing the defendant's negligence, it could have added nothing. Thus, failure to give the requested charge was, even if error (which we do not decide), altogether harmless.

It is elemental that one who seeks the reversal of a verdict and judgment must show harm as well as error. *Code Ann.* § 81A-161; *Brown v. City of Atlanta,* 66 Ga. 71, 76; *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741); *Bateman v.*

---

[2]A kindred and similar rule is that errors in the giving of a charge, failure to charge, denial of requests to charge, or in the admission or exclusion of evidence, which go only to the matters of damages or the measure of damages, are harmless and afford no ground for reversal where a verdict was returned in favor of the defendant. *Edwards v. Block,* 73 Ga. 450 (3); *McBride v. Ga. R. &c. Co.,* 125 Ga. 515 (1) (54 SE 674); *Robinson v. Murray,* 198 Ga. 690 (2) (32 SE2d 496); *Carstarphen v. Central of Ga. R. Co.,* 8 Ga. App. 162 (68 SE 848); *Binder v. Ga. R. &c. Co.,* 13 Ga. App. 381 (2) (79 SE 216); *Jackson v. Merritt Hdw. Co.,* 26 Ga. App. 747 (1) (107 SE 394); *Livsey v. Ga. R. &c. Co.,* 19 Ga. App. 687 (91 SE 1074); *Howard v. Ga. R. & Power Co.,* 35 Ga. App. 273 (8) (133 SE 57); *Wallace v. Howard,* 58 Ga. App. 428 (1) (198 SE 812); *Davies v. West Lumber Co.,* 32 Ga. App.

*Bateman,* 224 Ga. 20 (1) (159 SE2d 387). Even if it were concluded that denial of the request to charge was error, appellants utterly fail to demonstrate harm. In fact, they cannot because, as we have pointed out, if they had been afforded the benefit of the presumption it would have gone only to the matter of liability of the defendant, which was resolved in their favor by the jury.

Cases relied upon by appellants do not require a different result. Quoting in their brief from *First National Bank v. Atlanta Rubber Co.,* 77 Ga. 781, 786, they assert that "It is a well-settled rule, where a fact rests in the knowledge of a party, and he fails to make it appear so as to clear up the case, that the jury may infer against the party on that account," but they fail to complete the quotation, which continues, "but when the fact is concealed by a party when interrogated thereto, this of itself suggests fraud." In that case the party (bank) did testify by its cashier, who failed to give certain critical information that obviously lay within his knowledge and which the opposite party did not have. Moreover, the court was not dealing with a charge of or a failure to charge the presumption, but held that that court was authorized to charge on the matter of fraudulent

---

460 (3) (123 SE 757); *Segars v. City of Cornelia,* 60 Ga. App. 457 (4) (4 SE2d 60); *Owens v. Service Fire Ins. Co.,* 90 Ga. App. 553 (3) (83 SE2d 249); *Long v. Childers,* 119 Ga. App. 95 (166 SE2d 369); *Aiken v. Glass,* 95 Ga. App. 849, 852 (99 SE2d 426); *Delta Corp. v. Knight,* 109 Ga. App. 3 (1) (135 SE2d 56); *Bagley v. Akins,* 110 Ga. App. 338 (2) (138 SE2d 430); *Baldwin Processing Co. v. Ga. Power Co.,* 112 Ga. App. 92 (7) (143 SE2d 761); *Foy v. Edwards,* 118 Ga. App. 665 (2) (165 SE2d 176); *Hieber v. Watt,* 119 Ga. App. 5 (6) (165 SE2d 899); *Black v. Aultman,* 120 Ga. App. 826 (6) (172 SE2d 336); *McLarty v. Shirley,* 122 Ga. App. 786 (3) (178 SE2d 753); *Jackson v. Miles,* 126 Ga. App. 320 (3) (190 SE2d 565). The rule has been applied to charges on imputable negligence and accident. *Howard v. Ga. R. & Power Co.,* 35 Ga. App. 273 (2, 3), supra.

assignments. The question at issue here was not there involved.

*Stevenson v. State,* 83 Ga. 575 (10 SE 234) was a criminal case, and states a rule which, if it ever had validity, no longer obtains. *Mills v. State,* 133 Ga. 155 (5) (65 SE 368); *Clay v. State,* 122 Ga. App. 677 (1) (178 SE2d 331).

*Brothers v. Horne,* 140 Ga. 617 (79 SE 468) dealt with the failure of a party to produce a witness at the trial—not with his own failure to testify. (We deal with that in Division 3).

In *Moye v. Reddick,* 20 Ga. App. 649 (93 SE 256), the verdict was for the defendant—not the plaintiffs, as here. Consequently, as against the plaintiff, the rule of harmless error had no applicability, as it does here. The same is true in *Shiver & Barnett v. Firemens Ins. Co.,* 60 Ga. App. 57 (2 SE2d 760).

We think, too, that the observation of Justice Simmons in *Western & A. R. Co. v. Morrison,* 102 Ga. 319, 342 (29 SE 104, 40 LRA 84, 66 ASR 173), is pertinent: "It did not appear that this party had any better knowledge of the facts in issue than did the witnesses upon whose testimony he chose to rely, nor that he had an exclusive knowledge of facts he desired to conceal. Therefore, [in *Thompson v. Davitte*] this court held that the trial judge *properly refused to charge as requested."* (Emphasis supplied.) Nothing in this record indicates that Mr. Dixon had any *better knowledge* or any *exclusive knowledge* as to how the collision in question may have occurred. To the contrary it is alleged that he was driving the truck in the same direction that plaintiff was traveling, that the truck had passed or was passing plaintiff's car, and that in changing lanes the truck body struck plaintiff's car about the left doorpost and windshield. Mrs. Maloy testified that it was the dump body (which is behind the cab) that struck her car. That places Mr. Dixon behind the wheel on the left side of the truck and charges that the right side of the truck body, to his rear, struck the left side of plaintiff's car—which plaintiff was driving at the

time.[3] If this account of the matter is correct, the truck body struck plaintiff's car at a point right in front of her, and she was in position to have seen all that happened, and how it happened, while the defendant was not. Mrs. Maloy testified that the truck was a dump truck, a big 1½ ton truck, with a metal body. She remembered very little of the matter, had not seen the truck on the median, and in fact "did not see the truck" at all, but she also testified that "the front part of the truck was in front of me, not the back part." She testified that she was traveling at between 50 and 60 miles per hour, and had not changed lanes, but that the truck did.

In *Wood v. Wilson,* 145 Ga. 256 (4) (88 SE 980) the court simply held that evidence was admissible to show that a party, now deceased, had heard certain testimony on a former trial of the case and had failed to refute or to deny it, although he was in position to have peculiar knowledge concerning the matter. No charge or failure to charge was in question. And it was held in *Cotton States Fertilizer Co. v. Childs,* 179 Ga. 23, supra, that it was error to refuse a request to give the principle in charge in a case where a creditor sought to set aside a conveyance from a husband to his wife, charging that it had been fraudulent and without consideration, the wife not appearing to testify concerning the consideration which she may have paid for the land. The court pointed out that in the circumstances of that case "the onus is on the husband and wife to show that the transaction was fair" under *Code* § 3011 (now § 53-505). In the case sub judice there was no burden on the defendant to show that he was not negligent; the burden was on the

---

[3]On appeal "[i]t is the duty of this court to construe the evidence most strongly in support of a verdict which has been approved by the trial judge. *Brown v. Meador,* 83 Ga. 406 (9 SE 681)." *Associated Mutuals, Inc. v. Pope Lbr. Co.,* 200 Ga. 487, 496 (37 SE2d 393). We have applied this principle to our consideration of the evidence throughout the opinion.

plaintiff to show negligence in making out her case. The
court dealt with the matter of evidence, and not with a
charge or failure to charge, in *Johnson v. Johnson,* 218 Ga.
28 (126 SE2d 229), where a strong case of adultery was
made against a wife by circumstantial evidence, which she
made no effort to explain though she was made competent
to do so by *Code Ann.* § 38-1606. It was held that the fact
of adultery was thus sufficiently established. But in a simi-
lar situation it was held *erroneous to charge the principle* of
§ 38-119 to the jury. *Cocroft v. Cocroft,* 158 Ga. 714 (5) (124
SE 346). In *Mitchell v. Hayden Stone, Inc.,* 225 Ga. 711 (171
SE2d 280) the defendant was charged with a fraudulent
sale of plaintiff's property, and that he had secreted the
proceeds, the whereabouts of which was peculiarly within
his knowledge and not that of the plaintiff. And again, the
court dealt with the admissibility of evidence, not a charge
or failure to charge the presumption.

In none of the cases relied upon by appellants was the
situation one where there had been a verdict for the plain-
tiff, and the plaintiff was seeking to set it aside, invoking a
failure to charge or to honor a request to charge the princi-
ple of *Code* § 38-119, and in none of them could the harm-
less error rule have been applied.

■ Error is enumerated on the failure to give the re-
quested charge because "the defendant failed and refused to
call the witness Joseph McIntosh to testify."

A close and careful reading of the transcript and all of
the record properly before this court does not reveal that
such a witness existed. He is neither mentioned nor re-
ferred to, by name or otherwise, in the pleadings or in the
testimony or documentary evidence introduced upon the
trial. There is not the slightest inference that there was
such a witness. Consequently, this enumeration of error is
wholly unfounded in the record and is without merit.

Moreover, even if there had been mention of this witness
and it had appeared that he might be a witness for the de-
fendant, there does not appear anywhere in the record a
showing that he "was in any way under the power and con-

trol of the defendant [Dixon], or that as a witness, if he were accessible, he was not as much so to the plaintiffs," and in that situation it would have been "reversible error, as to [Dixon], to read the Code Section [38-119] to the jury." *Brothers v. Horne,* 140 Ga. 617 (3), supra.

Nor is there anything in the record properly before this court to indicate that the alleged witness, Joseph Mc-Intosh, "knew anything of the matters in issue, or that such [man was] at the time of the trial within the control or even in the employment of the defendant," and thus "where it does not appear that either party has suppressed evidence within his power to produce, it is error to charge the jury" the principle of *Code* § 38-119. *Central of Ga. R. Co. v. Bernstein,* 113 Ga. 175 (5) (38 SE 394). "Where it does not appear that a party has held back evidence within his power to produce, the nonproduction of more full and definite evidence than he presents raises no presumption against him, and there should be no charge given to the jury on the subject of such presumption. *Schnell v. Toomer,* 56 Ga. 168 (4); *Shields v. Ga. R. &c. Co.,* 1 Ga. App. 172 (2), 176 (57 SE 980); *Central of Ga. R. Co. v. Bernstein,* 113 Ga. 175 (5) (38 SE 394)." *Bank of Emanuel v. Smith,* 32 Ga. App. 606 (1) (124 SE 114). See also *Southern R. Co. v. Acree,* 9 Ga. App. 104 (70 SE 352). Cf. *Anderson v. Southern R. Co.,* 107 Ga. 500 (2) (33 SE 644). This enumeration is wholly lacking in merit.

■ Error is enumerated on the refusal of the court to allow a re-opening of the case for the purpose of permitting plaintiffs to call the defendant for cross examination after plaintiffs and defendant had closed.

This is a matter within the discretion of the trial judge, who is in full charge of the conduct of the trial, as appellants concede—they simply contend that the judge abused his discretion. We cannot so find. A plaintiff is permitted, at any time he may choose in the making out of his case, to call the opposite party for cross examination. *Code Ann.* § 38-1801. He may take his deposition before trial, and use the deposition, or he may call the opposite party to the

stand during the trial. "The party who brings a suit is master to decide what law he will rely upon." The Fair v. Kohler Die & Specialty Co., 228 U. S. 22, 25 (33 SC 410, 57 LE 716). "The pleader is a builder who has a right to go on and finish from any beginning whatever, provided he can show his original plan by what he has done and what he proposes to do, and provided he will confine himself to that plan, and provided the plan is one which, when fully executed, will result in a real edifice and not a mere castle in the air." *Ellison v. Ga. R. Co.,* 87 Ga. 691, 712 (13 SE 809).

It is for plaintiff and his counsel to decide when he will close his case, and whether he will close it before he has called the opposite party for cross examination. But, having made that decision and announced it to the court he is bound by it and may be released from it only in the judge's discretion. The judge should exercise the discretion if and when it appears to him that it would be a manifest injustice to refuse it. However, it is not generally error to refuse a re-opening of the case *after both parties have closed. Greer v. Caldwell,* 14 Ga. 207 (58 AD 553); *Beale v. Hall,* 22 Ga. 431; *City of Macon v. Harris,* 75 Ga. 761; *Ga. R. & Bkg. Co. v. Churchill,* 113 Ga. 12 (3) (38 SE 336); *Harden v. Central of Ga. R. Co.,* 21 Ga. App. 218 (94 SE 263); *Ricker v. Brancale,* 113 Ga. App. 447 (2) (148 SE2d 468). In *Bartell v. Del Cook Lumber Co.,* 108 Ga. App. 592, 602 (133 SE2d 903), we stated that "The truck driver could have been called as a witness for the plaintiffs during the presentation of their evidence in chief as a matter of right. The matter of whether or not he could be called upon to testify for the purposes of cross examination in rebuttal after both sides had rested, however, was within the sound discretion of the judge," and we then proceeded to hold that there had been no abuse of discretion in denying a re-opening of the case for that purpose. That situation and the present one are so similar that we are constrained to hold no abuse to have occurred here either.

Appellant's counsel stated in oral argument on appeal that failure to call the defendant for cross examination

before closing his case had been a deliberate trial tactic; he had been confident that the defendant would take the stand in making out his defense. When one employs a trial tactic which does not work he has simply gambled and lost. He is in no position to make a retrospective change unless the court, in its discretion, allows it in the interest of justice. Compare *Starr v. State,* 229 Ga. 181, 183 (190 SE2d 58). One may not sit by while matters are placed in evidence or brought out in the presence of the jury that would entitle him to a mistrial; he must make his motion promptly or he has waived the error. *Cady v. State,* 198 Ga. 99, 109 (31 SE2d 38); *Head v. Pollard Lbr. Sales,* 88 Ga. App. 757 (2) (77 SE2d 827). If he accepts a juror, knowing that the juror is disqualified, the disqualification is waived. *Brown v. Holland,* 228 Ga. 628 (2) (187 SE2d 246). If he allows the matter to go to verdict he cannot thereafter complain of misconduct on the part of some of the jurors of which he had knowledge. *Josey v. State,* 148 Ga. 468 (96 SE 1041). He cannot allow the introduction of inadmissible evidence without timely and appropriate objection without waiving the error. *Andrews v. State,* 118 Ga. 1 (1) (43 SE 852). In short, one cannot, in the hope or expectation of obtaining a verdict in his own favor, follow a trial tactic which he may believe to be advantageous but which results in a waiver and, when a verdict is returned which he now seeks to overturn, enumerate the error as a ground for setting it aside. Cf. *Scott v. State,* 229 Ga. 535, 541.

■ Error is enumerated on the refusal of the court to give a requested charge that "where personal injuries exist, our law infers that pain and suffering will result from such injuries."

It is not error to refuse a request to charge, or to fail to give it in the exact language thereof, when it is adequately covered in the general charge. *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905); *Carnes v. State,* 115 Ga. App. 387, 393 (154 SE2d 781); *King v. Faries,* 120 Ga. App. 393 (170 SE2d 747). "Where the instructions sought are plainly implied in those given to the jury, failure to charge

in express terms as requested is not error." *Parker v. Ga. Pacific R. Co.,* 83 Ga. 539 (5) (10 SE 233). "The instructions requested, so far as legal and pertinent, were sufficiently covered by the general charge given to the jury, and the failure to charge in the precise language requested is not cause for a new trial." *Gramling, Spalding & Co. v. Pool,* 111 Ga. 93 (2) (36 SE 430). See also *Roach v. Terry,* 164 Ga. 421 (5) (138 SE 902); *Liberty Nat. Life Ins. Co. v. Stinson,* 61 Ga. App. 344 (4) (6 SE2d 199); *Richter v. Atlantic Co.,* 65 Ga. App. 605, 611 (16 SE2d 259).

In the general charge the court instructed that Mrs. Maloy sought to recover for pain and suffering, contending that she suffered great pain, had continued to do so since the date of the accident, and would do so in the future, and that her suffering was due to the injuries received; that the jury would determine from the evidence "what sort of injuries she received, its character as to producing or not producing pain, the mildness or intensity of the pain, its probable duration, whether it has ceased or whether it continues to this date and whether it may continue in the future," and that they should award such damages as they might find would afford just compensation for "both physical and mental pain and suffering due to the injury received on this occasion." This, in our opinion adequately covered the substance of the request, and there was no error in refusing it.

■ Appellants contend that they were entitled to a new trial because the amount of the verdict was grossly inadequate. The jury returned a verdict for Mrs. Maloy for $3,500, and separately a verdict for Mr. Maloy for $3,163.20.

On appeal the evidence is to be construed to sustain, rather than to destroy, the verdict, for every presumption and inference is in its favor. *Southern R. Co. v. Brock,* 132 Ga. 858, 862 (64 SE 1083); *Y. M. C. A. v. Bailey,* 112 Ga. App. 684, 690 (146 SE2d 324); *Dodd v. Newton,* 122 Ga. App. 720 (2) (178 SE2d 567).

Mrs. Maloy sought recovery for loss of earnings following the accident, and for her pain and suffering. She testified

that she was earning "about $750 per month," and that the doctor allowed her to return to work after "about eight weeks." Thus, without any consideration of comparative negligence, it appears that the jury awarded to her a sum sufficient to cover her loss of earnings and additionally $2,000 for pain and suffering. The amount of damages to be assessed for pain and suffering is governed by no standard save that of the enlightened conscience of the jurors. *Trammell v. Atlanta Coach Co.,* 51 Ga. App. 705 (2) (181 SE 315). This verdict has the approval of the trial judge, and absent a manifest abuse and miscarriage of justice it should not be disturbed by an appellate court on the ground of inadequacy. *Brown v. Service Coach Lines,* 71 Ga. App. 437, 447 (31 SE2d 236).

Moreover, the jury was authorized to consider whether the plaintiff's negligence may have caused or contributed to her injuries. She testified that she did not see the truck until just as the collision occurred, and thus the jury could have concluded that she had not kept a proper lookout ahead, or may not have had her car under proper control, and was not in the exercise of proper care for her own safety. She alleged, and to some extent her testimony supported it, that the collision had occurred when the truck body struck the doorpost of her car going forward and past her, but a photograph of her car which plaintiffs introduced in evidence shows that the doorpost was bent *backward,* indicating that the car had been driven forward into the truck. There was a charge on comparative negligence, to which no exception was made. "Where the evidence authorizes the jury to find that both parties are at fault, but the defendant slightly more so, so as to give the plaintiff a cause of action, a verdict for a small amount of damages is proper and should not be disturbed. *Flanders v. Meath,* 27 Ga. 358, 361; *Evans v. Central of Ga. R. Co.,* 38 Ga. App. 146 (142 SE 909)." *Hunt v. Western & A. R.,* 49 Ga. App. 33, 34 (174 SE 222). And see *Head v. Ga. Power Co.,* 70 Ga. App. 32 (1) (27 SE2d 339); *Baggett v. Jackson,* 79 Ga. App. 460 (3, 4) (54 SE2d 146); *Tanksley v. Welch,* 125 Ga. App. 365 (1) (187 SE2d 563).

The only proof concerning the loss of or damage to her clothing, glasses or diamond earring is found in the testimony of Mr. Maloy who, in answer to a question as to whether any medical expenses had been incurred for the treatment of Mrs. Maloy's injuries and whether he had made a list of them, stated that he had and among those listed were "loss of clothing, $50.00; glasses $32.00, [and] a diamond earring $48.00." Clearly these items are not "medical expenses" within the meaning of *Code Ann.* § 38-706.1 (Ga. L. 1970, p. 225). He did not testify concerning the ownership of these items, nor did he offer any proof, other than the listing, as to their value. No facts were stated to support an opinion of value, such as their cost, age, condition, etc. *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782). If he, rather than his wife, owned these items, mere ownership does not authorize his testifying as to their value without giving the facts on which he bases his opinion. *Ricker v. Brancale,* 113 Ga. App. 447 (3), supra. However, since the verdict was for the plaintiffs, they cannot complain of the failure of proof as to these items, and the defendant has not cross appealed.

If these items were the property of Mrs. Maloy, the verdict was sufficient to have included them, even without application of the rule of comparative negligence.

For the same reasons the verdict for Mr. Maloy in a sum equivalent to the total of his listing of "medical expenses," including the clothing, glasses, and the diamond earring, does not reveal an inadequacy in the verdict, or that it did not include some amount for his loss of consortium. *Johnson v. Cook,* 123 Ga. App. 302 (1) (180 SE2d 591); *Pierson v. M. & M. Bus Co.,* 74 Ga. App. 537, 540 (40 SE2d 561); *McBowman v. Merry,* 104 Ga. App. 454 (1) (122 SE2d 136); *Beecher v. Farley,* 104 Ga. App. 785 (1) (123 SE2d 184); *Murray v. Woods,* 106 Ga. App. 267 (126 SE2d 828); *Stynchcombe v. Gooding Amusement Co.,* 110 Ga. App. 864, 865 (140 SE2d 232).

Pretermitting the matter of whether the mere listing of the claimed "medical expenses" without submission and

identification of the bills from the hospital, doctors, ambulance service, druggists and the like amounted to legal proof of those items, authorizing a recovery therefor (see *Code Ann.* § 38.706.1, supra), and the indefiniteness and uncertainty of the amounts of some of the items, such as "drugs, about $100," and recognizing that the reasonable expense of travel to and from the doctor in obtaining treatment is a legitimate item of damage for recovery when the amount thereof is properly shown (*Southern Bell Tel. &c. Co. v. Whiddon,* 108 Ga. App. 106 (4b) (132 SE2d 237)), since the verdict was for the plaintiff he can not complain of a verdict based upon this proof, and there is no cross appeal from the defendant.

It is to be noted, however, that the jury is not bound by the estimates or opinions of the party who testifies as to value, or as to the amount of his damage, even when there is no counter proof, and they may place a lower value or amount upon the items than the witness has stated. *Chalker v. Raley,* 73 Ga. App. 415 (37 SE2d 160); *Ga. Northern R. Co. v. Battle,* 22 Ga. App. 665 (1) (97 SE 94). Here the jury may very well have concluded that Mr. Maloy's estimates of some of the items of special damages concerning which he testified were excessive, and have reduced them to what they conceived to be an appropriate amount and added to that result an amount for his loss of consortium which, by happenstance, brought the verdict to an amount equivalent to the total of his estimates, and this even without the application of the comparative negligence doctrine.

As we have already noted, the jury was authorized to apply the comparative negligence doctrine, and in doing so was authorized to reduce the recovery for items of special damage, as well as for loss of consortium, in an amount proportionate to the negligence of Mrs. Maloy, if they should find her to have been negligent.

We cannot say that the verdict for Mr. Maloy did not include some amount for his loss of consortium, and the only measure for loss of consortium is, like that for pain and

suffering, the enlightened conscience of the jurors. *Hightower v. Landrum,* 109 Ga. App. 510, 515 (136 SE2d 425).

We cannot say that the verdicts were inadequate.

■ The general grounds of the motion for new trial are without merit.

> *Judgments affirmed. Deen and Clark, JJ., concur.*